**Derek James SMAY**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 2007.

Decided Nov. 9, 2007.

Publication Ordered Jan. 8, 2008.

Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Michael J. Menner, Canonsburg, for appellee.

BEFORE: PELLEGRINI, Judge, COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge COHN JUBELIRER.

The Department of Transportation, Bureau of Driver Licensing (Bureau) appeals from an order of the Court of Common Pleas of Cambria County, Civil Division (civil trial court) sustaining the statutory appeal of Derek James Smay (Smay) from a 90–day suspension of his operating privileges.

Smay was issued a citation on September 17, 2005, by the University of Pitts-

burgh Police for an alleged violation of 18 Pa.C.S. § 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages). (Civil Trial Ct. Op. Pursuant to Pa. R.A.P. 1925, January 11, 2007(Op.) at 1.) The citation was certified to the Magisterial District Justice (MDJ), and because Smay did not appear at a scheduled hearing, a guilty verdict was entered against him on April 3, 2006. (Op. at 1.) The MDJ certified the conviction to the Bureau by means of a DL–21C form indicating Smay's underage drinking conviction under 18 Pa. C.S. § 6308. (Suspension of Operating Privilege DL–21C, September 19, 2005.)

Having received the certified conviction, the Bureau officially notified Smay on April 13, 2006, that his operating privileges were being suspended for 90 days in accordance with Section 1532(d) of the Vehicle Code,[1] effective May 18, 2006. (Suspension of Operating Privilege Letter from Bureau to Smay, April 13, 2006.) Smay filed a statutory appeal of the Bureau's suspension on May 12, 2006, with the civil trial court.

Smay also filed a summary appeal of his underage drinking conviction with the Court of Common Pleas of Cambria County, Criminal Division (criminal trial court). On June 13, 2006, the Honorable Thomas A. Swope, Jr. of the criminal trial court remanded the conviction back to the MDJ "so that the defendant can take the proper underage drinking and alcohol classes." (Criminal Trial Court Order by Judge Swope, June 13, 2006.) Smay completed

1. Section 1532(d) of the Vehicle Code provides that:

The department shall suspend the operating privilege of any person upon receiving a certified record of the driver's conviction, adjudication of delinquency or admission into a preadjudication program for a violation under ... [18 Pa.C.S. § ] 6308 (relating to purchase, consumption, possession

or transportation of liquor or malt or brewed beverages)....
Courts may certify the conviction ... or admission into the preadjudication program on the same form used to submit the order of suspension required under the provisions of 18 Pa.C.S. § 6310.4 (relating to the restriction of operating privileges).
75 Pa.C.S. § 1532(d).

the classes prior to the adjudication of both his civil and criminal appeals. (Smay's Br. at 4; Hr'g Tr., November 15, 2006(Tr.) at 5.) On September 28, 2006, the MDJ disposed of the criminal charges for underage drinking by finding Smay "not guilty." (MDJ Decision, September 28, 2006.)

On November 15, 2006, the Honorable Timothy P. Creany of the civil trial court presided over Smay's driver's license suspension appeal. The Bureau offered into evidence the certified documents, which showed notification to Smay of his 90–day suspension, a copy of a DL–21C indicating Smay's April 3, 2006 criminal conviction for underage drinking, and a certified copy of Smay's driving record. (Tr. at 2.) Following the submission of this evidence, the Bureau rested its case. Smay offered into evidence the docket entry from the MDJ finding Smay "not guilty" of the underage drinking charge. (Tr. at 4.) In addition, Smay offered Judge Swope's remand order into evidence. (Tr. at 3.) Smay's attorney admitted that Smay took "some classes at the request of the magistrate," but took the position that these classes were not part of a preadjudication disposition because they did not appear on a DL–21C form. (Tr. at 5–6.) The Bureau argued that the classes ordered by Judge Swope were "basically a pre-adjudication disposition," which requires a license suspension under the law.[2] (Tr. at 5.)

On November 15, 2006, Judge Creany concluded:

> [T]his is unusual and ... normally the determination of guilt or not guilty is made here at this level and this was a

remand. It would appear to have been a remand for purposes of an alternative or pre-adjudication disposition. So that in that regard, the [Bureau] is accurate. However, the records that I have from the district judge indicate that his final disposition was not one of pre-adjudication disposition, but a determination of not guilty. And for that reason I will sustain the appeal and remand this to the department ... to lift the suspension.

(Tr. at 8–9.)

■ In response to Judge Creany's decision, the Bureau timely filed notice of an appeal to this Court.[3] On January 12, 2007, Judge Creany filed an opinion, in compliance with Pa. R.A.P. 1925, supporting his November 15, 2006 decision. In his opinion, Judge Creany stated that the Bureau had not produced a "Court-certified conviction, adjudication of delinquency or admission into a preadjudication program" as required by Section 1532(d) of the Vehicle Code. (Op. at 3.) Further, Judge Creany stated that:

> While a conviction or preadjudication disposition in Mr. Smay's criminal case would have lead to the collateral civil license suspension consequence that the [Bureau] seeks, neither occurred in this case. Further, this Court is not inclined to second-guess Judge Swope's summary appeal disposition which was not appealed by Mr. Smay or the [Bureau], but appears to be under collateral attack by the [Bureau].

(Op. at 3.)

■ The Bureau appeals to this Court arguing that Smay, the District Attorney and the MDJ reached a plea bargain under

---

2. 75 Pa.C.S. § 1532(d).

3. On appeal, this Court is "limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law had been committed, or whether

the trial court's determinations demonstrate a manifest abuse of discretion." *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 552, 626 A.2d 138, 140 (1993).

the terms of which Smay would take alcohol classes after which he would be found "not guilty" of the criminal charge. The Bureau contends that this arrangement is the "functional equivalent" of a "preadjudication disposition" within the meaning of the Vehicle Code. Smay, however, argues that the Bureau has not met its burden of proving that Smay entered into a preadjudication program, which would trigger suspension of his operating privileges. He maintains that neither the criminal trial court, nor the MDJ, issued a certified record of his admission into a preadjudication program as required by Section 1532(d) of the Vehicle Code.

The plain language of Section 1532(d) of the Vehicle Code requires that the Bureau receive a "certified record" of a driver's conviction or admission into a preadjudication program before the license can be suspended. Here, although the Bureau initially received a certified notice of conviction, that conviction was vacated, and upon remand, Smay was found "not guilty." However, in Judge Swope's order, the case was remanded to the MDJ "so that the defendant can take the proper underage drinking and alcohol classes." According to his attorney, Smay completed the classes before the adjudication. Therefore, the effect of Judge Swope's order is the same as it would have been if Smay had been officially admitted into a preadjudication program. The difference is that the court did not certify on a DL–21C form that Smay was admitted into a program. In fact, there is no DL–21C form in the record related to the remand and subsequent acquittal. However, Section 1532(d) of the Vehicle Code does not require the use of the DL–21C form but, instead, states that courts "may" use the same form used to submit the order of suspension under 18 Pa.C.S. § 6310.4.[4] Therefore, Judge Swope's remand order requiring underage drinking and alcohol classes is the functional equivalent of a certified record of admission into a preadjudication program for the purposes of Section 1532(d) of the Vehicle Code.

Smay also contends that the Bureau is trying to collaterally attack the "not guilty" verdict by maintaining that the underage alcohol classes are a preadjudication program and that the final disposition does not affect the suspension. The allegations that the Bureau was making a collateral attack on the MDJ's "not guilty" verdict appear to be unfounded. While the statement concerning the motive behind the agreement between Smay and the District Attorney made by the Bureau in its brief may be inappropriate, it appears that the reason for the statement was to emphasize that the final verdict was not relevant in this case, not to question the MDJ's decision.

In *McCracken v. Department of Transportation, Bureau of Driver Licensing*, 660 A.2d 700, 702 (Pa.Cmwlth.1995), this Court defined the term "preadjudication program" as set forth in Section 6310.4:

> It is *any* remedial program that a party enters prior to the disposition of his case. If a licensee leaves without finishing the program the underlying charge proceeds to adjudication. Alternatively, when the licensee successfully completes the program then the court will dismiss the charge.

4. 18 Pa.C.S. § 6310.4(a) provides:

Whenever a person is convicted ... or is admitted to any preadjudication program for a violation of section ... 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) ..., the court, including a court not of record if it is exercising jurisdiction pursuant to 42 Pa.C.S. § 1515(a) (relating to jurisdiction and venue), shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation.

(Emphasis added.) We determined in that case that Accelerated Rehabilitative Disposition (ARD) fit within the definition of a preadjudication program, and we upheld the license suspension. In addition, the acceptance into the ARD program was certified to the Bureau. The underage drinking classes involved in the present case fit within the definition of a preadjudication program.

Further, in *Lihota v. Department of Transportation, Bureau of Driver Licensing*, 811 A.2d 1117 (Pa.Cmwlth.2002), the sentence of ARD was also certified to the Bureau. In that case, however, the Court held that even though Lihota did not complete ARD and ultimately was found "not guilty" for lack of prosecution of a DUI charge, his license could be suspended.[5] The Court found that the statute only required acceptance into ARD to constitute an offense, not acceptance into and completion of ARD. It is the admission into a preadjudication program, not the final verdict, that triggers application of an 18 Pa. C.S. § 6310.4 suspension. Since Smay had been required to take underage drinking and alcohol classes which, as previously noted, constituted a preadjudication program, his completion of the program does not matter, nor does the fact that he was subsequently acquitted. The suspension of his operating privileges was triggered by his admission into the underage drinking and alcohol classes.

For these reasons, this Court finds that the June 13, 2006 order by Judge Swope constitutes a certified record of admission into a preadjudication program. Therefore, we reverse the civil trial court's order to dismiss Smay's 90–day suspension of his operating privileges.

### ORDER

**NOW,** November 9, 2007, the order of the Court of Common Pleas of Cambria County, Civil Division, sustaining the statutory appeal of Derek James Smay from a 90–day suspension of his operating privileges is hereby **REVERSED.**

---

**5.** Lihota was charged three separate times within a six-month period of driving under the influence of alcohol or controlled substances (DUI). He was convicted for the first two charges and accepted ARD for the third. He violated the terms of ARD and was put on trial for the DUI charge. The trial court found him not guilty for lack of prosecution. In the meantime, the Bureau had given him notice that his operating privileges would be suspended for five years because he was considered a habitual offender under 75 Pa.C.S.

§ 1542. A person can be classified as a habitual offender if they have three convictions of *any of the offenses listed in* 75 Pa.C.S. § 1542 (the offenses in this statute are not relevant to the present case, but applied to the *Lihota* case). The statute also provides that acceptance of ARD for any of the listed offenses is considered an offense for the purposes of § 1542. Therefore, Lihota met the three conviction requirement, and his operating privileges were suspended under the habitual offender clause.