**Michael S. RYAN**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 22, 2008.

Decided April 9, 2008.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Angelo T. Almonti, Whitehall, for appellee.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the June 4, 2007 order of the Honorable J. Brian Johnson of the Court of Common Pleas of Lehigh County (Trial Court), which sustained the statutory appeal of Michael S. Ryan (Ryan) from a ninety-day suspension of his operating privileges imposed by DOT pursuant to section 1532(d)

of the Vehicle Code (Code), 75 Pa.C.S. § 1532(d).[1] We affirm the Trial Court.

Ryan was charged with underage drinking on October 29, 2006, and on November 16, 2006, he was admitted into an Accelerated Rehabilitative Disposition (ARD) program by the magisterial district judge; a report from the Clerk of Courts showing Ryan's admission to the ARD program was immediately forwarded to DOT. Subsequent to Ryan's entry into the program, the charge against him was withdrawn and dismissed with prejudice. Ryan requested, and received permission to withdraw from the ARD program after completing twenty-nine days.

The circumstances surrounding the dismissal of the underage drinking charge are explained in a stipulation between Ryan and the Northampton County Assistant District Attorney (ADA), dated December 14, 2006, and a subsequent Order entered by Honorable Robert A. Freedberg, President Judge of the Court of Common Pleas of Northampton County, on December 15, 2006, granting Ryan permission to withdraw from the ARD program, and dismissing with prejudice non-traffic citation N. P5401981–4 for underage consumption of alcohol.[2] The stipulation states that, subsequent to Ryan's entry into the ARD program, the arresting police officer and the Northampton County District Attorney's office decided to withdraw the charges against Ryan based upon potential lack of basis for the arresting officer's administration of a portable breath test on Ryan. The stipulation further noted that charges had already been withdrawn as to several other juveniles who were cited in the same incident. The ADA requested, and by his December 15, 2006 Order, Judge Freedberg granted the request, to permit Ryan to withdraw from the ARD program in view of the decision by the police and the ADA to withdraw the charge against him.

1. Section 1532(d) of the Code, in relevant part, requires DOT to suspend the operating privilege of a licensee for ninety days, upon receiving a certified record of the licensee's conviction, adjudication of delinquency or admission into a preadjudication program for a violation under section 6308 of the Crimes Code, 18 Pa.C.S. § 6308 (relating to the purchase, consumption, possession or transportation of liquor or malt or brewed beverages by minors).

2. On June 13, 2007 the Trial Court issued an *ex parte* order sealing both the ADA's stipulation and President Judge Freedberg's Order, which were together identified in the order as "Exhibit 1," presented by Ryan's counsel during the June 4, 2007 hearing. The Trial Court ordered that there be no release of these documents except by his further order or by further order of the Superior Court or the Supreme Court of Pennsylvania. When the certified record was transmitted to this Court, DOT's Exhibit 1 was not included. On September 14, 2007, DOT filed a motion to supplement the record with the missing exhibit. Honorable Barry F. Feudale, Senior Judge, entered an order on September 17, 2007 granting DOT's motion to supplement, and this Court received the sealed exhibit on September 24, 2007. DOT's counsel determined that Exhibit B to Ryan's petition for appeal, filed January 30, 2007, contains the same stipulation and order as that which the Trial Court ordered sealed. In DOT's appeal brief, DOT states that since the Trial Court's order does not apply to Ryan's petition for appeal, DOT will refer to the contents of Exhibit B, rather than to the sealed exhibit, and will take special precautions to ensure that access to DOT's reproduced record containing Exhibit B is restricted to a "need to know" basis. (DOT's Brief, p. 14.)

We note that in restricting any release of the sealed record to the Trial Court, the Superior Court, or Supreme Court of Pennsylvania, the Trial Court obviously meant to include the Commonwealth Court, since Commonwealth Court has exclusive jurisdiction of this appeal pursuant to Section 762(a)(3) of the Judicial Code, Act of July 9, 1976, P.L. 586, as amended, 42 Pa.C.S. § 762(a)(3). Further, courts of inferior jurisdiction cannot control courts of superior jurisdiction.

On January 16, 2007, DOT notified Ryan that, pursuant to 75 Pa. C.S. § 1532(d), his driving privileges were being suspended for a period of ninety days, effective February 20, 2007, as a consequence of his violation on October 29, 2006. On January 30, 2007, Ryan filed a timely statutory appeal. Following a hearing held on June 4, 2007, the Trial Court found that DOT lacked authority under 75 Pa. C.S. § 1532(d) to suspend Ryan's driving privileges, and DOT filed its appeal on July 2, 2007.

On appeal,[3] DOT argues that it was its receipt of the certified report from the Clerk of Courts showing Ryan's voluntary admission into ARD, without regard for his subsequent withdrawal from ARD, that triggered Ryan's ninety-day suspension under 75 Pa. C.S. § 1532(d). DOT cites two decisions by this Court, *Smay v. Department of Transportation, Bureau of Driver Licensing,* 940 A.2d 540 (Pa. Cmwlth.2007) and *Levinson v. Department of Transportation, Bureau of Driver Licensing,* 926 A.2d 1284 (Pa.Cmwlth.2007), in support of its argument.

Ryan submits that his request to withdraw from the ARD program is equivalent to, and has the same effect as, appealing a finding of guilt because it was done in a timely fashion; i.e., within the mandated thirty (30) day period as provided by Pa. R.Crim. P. 460. Ryan argues that *Smay* is distinguishable, because in that case (where this Court deemed a judge's *remand* order requiring underage drinking and alcohol classes to be the functional equivalent of a certified record of admission into a preadjudication program), the juvenile's license was not suspended as a consequence of his initial finding of guilt at the district judge level. *Levinson,* Ryan argues, is not factually similar to the case *sub judice,* because the trial court there dismissed the licensee's underlying underage drinking charge *after* she completed an ARD program, whereas Ryan timely appealed the district judge's action and was successful in having the underlying charge dismissed with prejudice, and did not enter into an ARD program for more than thirty days.

The Trial Court set forth its rationale at the conclusion of the hearing held on June 4, 2007:

We have him being cited on October 29th, 2006. On 11/16/06, he, the district justice, disposes of the case, he goes with him going on ARD. By December 15, 2006, he's off ARD. The notice of suspension of the driver's license from PennDOT is issued on January 9th, 2007, indicating that as a result of his violation on October 29th, 2006, his driving privilege is being suspended for 90 days. By the time that letter was issued, there was no violation anymore. And though, following the letter of the statute would say, whenever someone has entered into ARD, they can have their license suspended, it seems to violate the spirit of how these two parts of the law work together, which are that the suspension flows from the violation. And where the violation has been eliminated, it would make sense that there would be no suspension. Particularly, where all this has happened before the issuance of the letter by PennDOT. It might be different if [it] had happened after that.

---

**3.** Our standard of review in a license suspension case is limited to determining whether necessary findings are supported by competent evidence of record and whether the trial court committed an error of law or abused its discretion in making its decision. *Spera v. Department of Transportation, Bureau of Driver Licensing,* 817 A.2d 1236 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 576 Pa. 728, 841 A.2d 534 (2003).

(Notes of Testimony, June 4, 2007, p. 23–24.)

Upon review, we must concur with the Trial Court's analysis. A suspension can only flow from a violation, and since the citation was dismissed as a result of the District Attorney's decision to withdraw the charges, memorialized in a written stipulation, there was no violation, and therefore no basis for the suspension of Ryan's driving privileges.

Accordingly, the order of the Court of Common Pleas of Lehigh County in this matter sustaining Ryan's appeal of the DOT's suspension of his operating privileges is affirmed.

### ORDER

AND NOW, this 9th day of April 2008, the order of the Court of Common Pleas of Lehigh County in this matter sustaining Michael S. Ryan's appeal of the Bureau of Driver Licensing's suspension of his operating privileges is AFFIRMED.