**Peter POBORSKI, III, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 3, 2008.

Decided Jan. 15, 2009.

Michael A. Filia, Johnstown, for appellant.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Peter Poborski, III (Licensee) appeals from an order of the Court of Common Pleas of Cambria County (Trial Court) that dismissed Licensee's appeals from the suspension and disqualification, respectively, of his driving and commercial driving privileges, issued by the Department of Transportation, Bureau of Driver Licensing (DOT). We reverse.

On September 17, 2006, Licensee was charged with a violation of Section 3802 of the Vehicle Code, 75 Pa.C.S. § 3802, for driving under the influence (DUI). On May 24, 2007, Licensee accepted an Accelerated Rehabilitative Disposition (A.R.D.)[1] of the DUI charge, and subsequently received two letters from DOT, dated July 3, 2007. The two letters informed Licensee that his personal driving privilege would be suspended for thirty days, and that his commercial driving privilege would be disqualified for a period of one year, both as a result of his acceptance into the A.R.D. program.

On August 2, 2007, Licensee filed appeals of the suspension and disqualification in the Trial Court.[2] Thereafter, Licensee filed a Petition To Be Removed From Accelerated Rehabilitative Disposition Program and To Remand Case To Magistrate (the Petition), on October 19, 2007, seeking to enable a challenge to the underlying charge. By order dated November 6, 2007, the Trial Court granted Licensee's Petition and concomitant request to be removed from the A.R.D. program.

On December 7, 2007, the Trial Court held a hearing on Licensee's two appeals, at which both Licensee and DOT appeared and were represented by counsel. At the hearing, Licensee argued that his withdrawal from the A.R.D. program should trigger, in essence, a nullification of DOT's actions in regard to his driving privileges. DOT argued that Licensee's acceptance into the A.R.D. program triggered the suspension and disqualification at issue, notwithstanding his subsequent withdrawal.

Citing to *Lihota*, the Trial Court concluded that Licensee's acceptance into the A.R.D. program carried the immediate consequence of the suspension and disqual-

---

1. We have summarized:

   The Accelerated Rehabilitative Disposition program is a special pre-trial intervention program for non-violent offenders who have a limited or no prior record. The A.R.D. program takes a "rehabilitative" stance instead of a punitive one. The purpose of A.R.D. is to determine, at an early stage, defendants who will respond to the treatment and education and, therefore, decrease their chance of future incidents of the same nature. A.R.D. is completely voluntary and the defendant must ask to be accepted into the program. Pa. R.Crim. P. 313(A).

   *Lihota v. Department of Transportation*, 811 A.2d 1117, 1118 (Pa.Cmwlth.2002).

2. Licensee's two appeals were docketed by the Trial Court at two separate docket numbers.

ification of Licensee's driving privileges, both personal and commercial, and that it was irrelevant whether Licensee had completed or removed himself from the program. By order dated January 9, 2008, the Trial Court dismissed Licensee's appeals. Licensee now appeals to this Court.[3]

■ Our scope of review in a license suspension appeal is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determination demonstrates a manifest abuse of discretion. *Lihota.*

■ Licensee presents one issue for review: whether the Trial Court erred in concluding that Licensee's acceptance into the A.R.D. program mandates the continued suspension and disqualification at issue, notwithstanding Licensee's subsequent voluntary withdrawal from the program. Licensee asserts that the voluntary nature of his withdrawal indicates his rejection of the conditions of the A.R.D. program and his intention to pursue his rights to defend against the underlying criminal DUI charge, and thusly, he should not have his driving privileges suspended and/or disqualified in the wake of the Trial Court's nullification of his A.R.D. acceptance.

Licensee emphasizes that he timely appealed the actions at issue, on August 2, 2007, upon learning of their imposition through his receipt of the DOT notices dated July 3, 2007. The record in this matter shows that Licensee petitioned for removal from the A.R.D. program, and

requested remand to a magistrate for the purpose of contesting the DUI charge, on October 19, 2007. Reproduced Record (R.R.) at 20a.

Licensee argues that *Lihota* is distinguishable in that the licensee in that matter was involuntarily removed from the A.R.D. program by the court as a result of violating the program terms. Licensee asserts that the involuntary removal in *Lihota* demonstrates the acceptance by that licensee of the terms of the A.R.D. program. Licensee in the instant matter, however, took proactive and voluntary steps to remove himself from A.R.D., which action was approved by the Trial Court, thusly demonstrating his rejection of acceptance into the program and his intention to contest the underlying charge. In essence, Licensee argues that his subsequent change of mind, coupled with his court approved actions to reject acceptance into A.R.D., should control over his initial acceptance.

DOT argues that the express language of the Vehicle Code, and *Lihota,* control the matter *sub judice.* Section 3807(d) of the Vehicle Code mandates a 30–day driving privilege suspension for a licensee whose blood alcohol concentration at the time of testing[4] was between .10 and .16:

Accelerated Rehabilitative Disposition

\* \* \*

**(d) Mandatory suspension of operating privileges.—As a condition of participation in an Accelerated Rehabilitative Disposition program, the court shall order the defendant's license suspended as follows:**

---

3. By order dated June 9, 2008, this Court consolidated Licensee's appeals. By order dated March 25, 2008, this Court granted Licensee's two Applications to Stay the suspension and disqualification at issue.

4. In the instant matter, it is not disputed that Licensee's blood alcohol concentration at the time he was tested was .124%. Supplemental Reproduced Record (S.R.R.) at 7b.

(1) There shall be no license suspension if the defendant's blood alcohol concentration at the time of testing was less than 0.10%.

**(2) For 30 days if the defendant's blood alcohol concentration at the time of testing was at least 0.10% but less than 0.16%.**

(3) For 60 days if:

(i) the defendant's blood alcohol concentration at the time of testing was 0.16% or higher;

(ii) the defendant's blood alcohol concentration is not known;

(iii) an accident which resulted in bodily injury or in damage to a vehicle or other property occurred in connection with the events surrounding the current offense; or

(iv) the defendant was charged pursuant to section 3802(d).

(4) For 90 days if the defendant was a minor at the time of the offense.

75 Pa.C.S. § 3807(d) (emphasis added).

DOT imposed the one year disqualification of Licensee's commercial driving privilege pursuant to Section 1611(a)(1) of the Vehicle Code, which states in relevant part:

Disqualification

(a) Disqualification for first violation of certain offenses.—Upon receipt of a report of conviction, the department shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle or school vehicle for a period of one year for the first violation of:

(1) section 3802 (relating to driving under influence of alcohol or controlled substance) or former section 3731, where the person was a commercial driver at the time the violation occurred;

75 Pa.C.S. § 1611(a)(1). DOT emphasizes that in interpreting the use of the term "conviction" in Section 1611(a)(1), Chapter 1603 of the Vehicle Code expressly defines that term in relation to, *inter alia,* the consequence of A.R.D. acceptance by a licensee:

Definitions

The following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:

\* \* \*

"Conviction." For the purposes of this chapter, a conviction includes a finding of guilty or the entering of a plea of guilty, *nolo contendere* or the unvacated forfeiture of bail or collateral deposited to secure a person's appearance in court as determined by the law of the jurisdiction in which the prosecution was held. A payment of the fine for the violation by any person charged with a violation of this title is a plea of guilty. **The term shall include the acceptance of Accelerated Rehabilitative Disposition or other preadjudication disposition for an offense** or an unvacated finding of guilt or determination of violation of the law or failure to comply with the law by an authorized administrative tribunal. The term does not include a conviction which has been overturned or for which an individual has been pardoned.

75 Pa.C.S. § 1603 (emphasis added).

In *Lihota,* cited by both DOT and the Trial Court as controlling on the instant issue, the licensee was charged three separate times with DUI during a six-month period. He was thereafter convicted on two of the DUI charges, and accepted A.R.D. for the third. Subsequently, the licensee violated the terms of A.R.D., was involuntarily removed from the program, and put on trial for the underlying DUI.

At trial on that charge, the licensee was found not guilty for lack of prosecution. However, because of his acceptance into the A.R.D. program and his two prior DUI convictions, DOT imposed a five year license suspension as a habitual offender pursuant to Section 1542 of the Vehicle Code, 75 Pa.C.S 1542.[5]

Following appeal to the trial court, which sustained DOT's suspension, the licensee in *Lihota* appealed to this Court arguing in relevant part that because he was not convicted on the underlying DUI offense, his acceptance into the A.R.D. program should not count towards his classification as a habitual offender for purposes of Section 1542. This Court disagreed, holding that the acceptance into A.R.D., notwithstanding the fact that the licensee was ultimately found not guilty of the underlying charge, counted towards his classification as a habitual offender for purposes of the statutory scheme addressing license revocation for habitual offenders.

Additionally, the licensee in *Lihota* argued that the "acceptance of" language within Section 1542 should be interpreted by this Court as "acceptance and completion of" A.R.D., since completion of the program is the only way to ensure that there will be no future prosecution of the underlying offense. We rejected that construction, noting that the unambiguous and express language of Section 1542 stated that the *acceptance* of A.R.D., which acceptance was both voluntary and volitional on licensee's part, is considered an offense for purposes of the Vehicle Code; completion of A.R.D. is not referenced within the statute, and therefore cannot be read to be contemplated, for purposes of construing offenses.

The facts *sub judice*, however, are distinguishable from *Lihota*. Therein, the licensee's participation in A.R.D. was terminated due to his violation of the terms of the program. Herein, contrarily, Licensee voluntarily and timely petitioned the Trial Court for removal from the A.R.D. program. The Trial Court, still maintaining jurisdiction over the matter, granted Licensee's petition to withdraw, and thereby nullified Licensee's voluntary acceptance into A.R.D.

It is beyond dispute, under our precedents, that a licensee's mere acceptance into A.R.D. is sufficient to trigger a license suspension under the Vehicle Code's provision. *Lihota; Department of Transportation v. McDevitt,* 57 Pa.Cmwlth. 589, 427 A.2d 280 (1981). As such, in the instant matter DOT's initial suspension and disqualification of Licensee's privileges was proper in that at the time that those actions were taken, Licensee had inarguably accepted A.R.D.

However, we have also noted that a licensee's "acceptance of the A.R.D. program constitutes a conscious choice of an alternative to prosecution and a knowing waiver of [licensee's] rights to prove his innocence or risk conviction by entering a plea on the charges against him and defending himself at trial." *McDevitt,* 427 A.2d at 282. It follows that, under the instant facts, the Trial Court's grant of Licensee's Petition to withdraw from the A.R.D. program must be read as a nullification of that knowing waiver of Licensee's right to challenge the underlying charges; any other reading of the Trial Court's grant would serve to render the subsequent challenge of the underlying charge by Licensee invalid. *McDevitt.* Accord-

---

5. We note that Section 1542(c) provides that "[a]cceptance of Accelerated Rehabilitative Disposition or any offense enumerated in sub- section (b) shall be considered an offense for the purposes of this section." 75 Pa.C.S. § 1542(c).

ingly, the Trial Court's grant of Licensee's request to withdraw from the A.R.D. program must be read to have nullified the prior acceptance thereof by Licensee. Therefore, while DOT's suspension and disqualification was valid at the time it was made, in light of Licensee's then-acceptance of the A.R.D. program, the Trial Court's subsequent nullification of that acceptance must be read to also nullify DOT's authority to continue any enforcement of its suspension and disqualification in the newly court-granted absence of any such prior acceptance.

In *Lihota,* as well as in the related cases cited by DOT,[6] no action by the licensees or courts therein can be read to have nullified the A.R.D. acceptances at issue; where a licensee fails to complete A.R.D., and/or is involuntarily removed from the program, the initial acceptance stands and has not been nullified. As such, our holding in *Lihota* remains undisturbed, and our current disposition is consonant therewith, notwithstanding the distinguishable facts of these matters in relation to the crucial issue of A.R.D. acceptance in the wake of a court-sanctioned nullification.

Finally, we note that our instant disposition is bolstered by our recent decision in *Ryan v. Department of Transportation,* 946 A.2d 191 (Pa.Cmwlth.2008). In *Ryan,* the licensee was charged with underage drinking, and thereafter accepted A.R.D.

Shortly thereafter, the charge against the licensee was withdrawn by the prosecutor and dismissed with prejudice, and the licensee requested and was granted permission to withdraw from the A.R.D. program after having completed twenty-nine days therein. One month after the licensee had his underlying charge dismissed and had withdrawn from A.R.D., DOT suspended his operating privilege based on the licensee's prior acceptance of A.R.D., without regard to the subsequent history. Holding that, at the time that DOT imposed the suspension the underlying violation had been eliminated by the prosecutor's previous withdrawal of charges, we affirmed the trial court's sustaining of the licensee's appeal noting that "[a] suspension can only flow from a violation," and since the prosecutor subsequently withdrew the underlying charges prior to DOT's suspension imposition, "there was no violation, and therefore no basis for the suspension of [licensee's] driving privileges." *Ryan,* 946 A.2d at 194.

Relatedly, in the matter *sub judice,* while at the time of DOT's suspension and disqualification impositions there was the functional equivalent of a violation—namely, Licensee's A.R.D. acceptance—once that functional violation equivalency was nullified, so also must the consequences imposed by DOT as a sole result of that prior acceptance be nullified.

---

**6.** DOT does not cite to any other precedents in which a licensee was granted permission to voluntarily withdraw from A.R.D., and in fact, none of the other cases cited by DOT in support of its arguments involve licensees who did not *complete* their A.R.D. programs. As such, these cases are neither controlling of, nor persuasive to, the instant matter. *See Smay v. Department of Transportation,* 940 A.2d 540 (Pa.Cmwlth.2007) (relying on *Lihota,* minor's plea bargain, including completion of alcohol counseling classes and subsequent "not guilty" finding on underlying criminal charges, is functional equivalent of preadjudication disposition for purposes of Vehicle Code suspension); *Levinson v. Department of Transportation,* 926 A.2d 1284 (Pa. Cmwlth.2007) (Licensee's acceptance into A.R.D. is sufficient to support suspension under Section 1532, notwithstanding licensee's completion of A.R.D. and subsequent dismissal of underlying charges); *McCracken v. Department of Transportation,* 660 A.2d 700 (Pa. Cmwlth.1995) (A.R.D. program is a "preadjudication disposition" for purposes of mandatory suspension provisions of Section 6310.4 of the Crimes Code, 18 Pa.C.S. § 6310.4); *McDevitt* (acceptance of A.R.D. is equivalent to conviction for purposes of Section 1542 classification as habitual offender).

We emphasize that our disposition of this matter should not be read to curtail DOT's authority to impose a suspension and/or disqualification of Licensee's privileges in the future, based on the outcome of Licensee's challenge to the underlying DUI charge.[7]

Accordingly, we reverse.

## ORDER

AND NOW, this 15th day of January, 2009, the order of the Court of Common Pleas of Cambria County, dated January 9, 2008, at Nos. 3489–2007 and 3490–2007, is reversed.

---

**7.** Licensee, in his brief to this Court, asserts that the underlying DUI charge against him was withdrawn in the proceedings that followed the Trial Court's grant of his Petition. However, the purported result from that independent proceeding is neither a part of the certified record before this Court in the instant matter, nor relevant to our instant disposition.