Wilson Edwin KOLVA

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 10, 2009.
Decided July 22, 2009.

---

1. The act commonly referred to as the Heart and Lung Act is the Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637–638.

Terrance M. Edwards, Asst. Counsel, Harrisburg, for appellant.

Brendan M. Campbell, Norristown, for appellee.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, COHN JUBELIRER, Judge, LEAVITT, Judge and BUTLER, Judge.

OPINION BY Judge SMITH–RIBNER.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Montgomery County that sustained Wilson Edwin Kolva's statutory appeal from a one-year disqualification of his commercial driving privileges. DOT imposed the disqualification of Kolva's privileges under Section 1611(a)(1) of the Vehicle Code, 75 Pa.C.S. § 1611(a)(1).[1]

DOT's statement of the questions involved includes: whether Kolva's acceptance into the Accelerated Rehabilitative Disposition (ARD) program for the offense of driving an automobile under the influence of alcohol (DUI) pursuant to Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1), constituted a "conviction" under Section 1611(a)(1), and whether any evidence exists to support the trial court's finding that DOT agreed to Kolva's removal from ARD for his DUI violation. DOT raises its challenge to the trial court's decision despite the fact that Kolva withdrew from ARD before participating in the program.

Kolva was arrested for DUI on November 3, 2006, and on August 7, 2007 he was accepted into the ARD program for that offense. Shortly thereafter, he learned that his participation would result in disqualification of his commercial driving privileges and through counsel contacted the Montgomery County Office of the District Attorney to request withdrawal. The District Attorney agreed, and the trial court approved the revocation of ARD by order of September 18, 2007, which reads in part: "[U]pon by agreement of Counsel Assistant District Attorney Karen Ricca and Frank Genovese, Esq., consideration of the Commonwealth's Petition to Revoke Accelerated Rehabilitative Disposition, it is hereby ORDERED that the Commonwealth's Petition is granted and the Accelerated Rehabilitative Disposition of the defendant is revoked and will be listed for a pretrial conference."

1. Section 1611 provides in pertinent part:

 (a) **Disqualification for first violation of certain offenses.**—Upon receipt of a report of conviction, the department shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle or school vehi-cle for a period of one year for the first violation of:

 (1) section 3802 (relating to driving under influence of alcohol or controlled substance) or former section 3731, where the person was a commercial driver at the time the violation occurred[.]

By notice dated October 23, 2007, DOT informed Kolva of the one-year disqualification of his commercial driving privileges effective November 27, 2007 "as a result of [his] pre-adjudication, conviction, administrative adjudication, or refusal in Pennsylvania." Certified Record (C.R.), Exhibit C–1, No. 1; Reproduced Record (R.R.) at 18a. Kolva appealed the disqualification, and a *de novo* hearing was scheduled. On January 4, 2008, pursuant to a plea agreement, Kolva pled guilty to recklessly endangering another person. The DUI charge was dismissed, and on February 4, 2008 the Clerk of Courts submitted a report to DOT stating that Kolva had been acquitted of the DUI charge.

At the April 28, 2008 trial court hearing on Kolva's appeal, he argued that because the trial court had revoked his acceptance of ARD he had not been convicted for purposes of Section 1611(a)(1) of the Vehicle Code, and as a result DOT lacked any basis for disqualifying his commercial driving privileges. DOT countered that Kolva's acceptance of ARD triggered the one-year disqualification regardless of what occurred subsequently. In an opinion in support of its decision, the trial court referred to the definition in Section 1603, 75 Pa.C.S. § 1603, of the term **"Conviction"** as follows:

> For the purposes of this chapter, . . . [t]he term shall include the acceptance of Accelerated Rehabilitative Disposition or other preadjudication disposition for an offense or an unvacated finding of guilt or determination of violation of law or failure to comply with the law by an authorized administrative tribunal. The term does not include a conviction which has been overturned or for which an individual has been pardoned.

To begin its legal analysis and interpretation, the trial court reviewed the definition of ARD stated in *Lihota v. Department of Transportation, Bureau of Driver Licensing,* 811 A.2d 1117, 1118 n. 2 (Pa. Cmwlth.2002), as "a special pre-trial intervention program for non-violent offenders who have a limited or no prior record [that] takes a 'rehabilitative' stance instead of a punitive one." This Court noted that participation in ARD is voluntary and that an individual must request acceptance into the program. Pa. R.Crim. P. 313(A). After examining the cases cited by DOT, most notably *Lihota,* and evaluating its arguments, the trial court held that Kolva's voluntary withdrawal from ARD, within one month by consent of DOT and the District Attorney's Office, had "the same effect as an overturned conviction, a pardon or a vacated finding of guilt." Trial court's opinion at 10. Because there was no conviction, Kolva's commercial driving privileges therefore were not subject to a suspension under Section 1611(a)(1).[2]

DOT argues before the Court that Kolva's acceptance of ARD clearly met the definition of a "conviction" under Section 1603 of the Vehicle Code, which rendered Kolva subject to a disqualification of his commercial driving privileges under Section 1611(a)(1) without regard to his change of mind at some later time. DOT submits that in reviewing the question presented the Court must interpret the statute in such a way as to ascertain and effectuate legislative intent, *see* Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a), and that it should consider the legislature's choice of words when enacting Section 1603. In short, the legislature chose the word "acceptance" of ARD as one of the triggering

---

2. The Court's review is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether errors of law have been committed or whether there was a manifest abuse of discretion by the trial court. *Lihota.*

events for disqualification under Section 1611(a)(1), and it provided one exception in the definition of a "conviction" for events occurring after an initial determination that a licensee has been convicted, *i.e.,* the term does not include an overturned conviction or one for which a person has been pardoned. DOT postulates that the legislature could have stated that a conviction does not include the non-completion of or withdrawal from ARD, but because the legislature did not do so it evidently did not intend for such events to remove a conviction for the purpose of suspension or disqualification pursuant to Sections 1603 and 1611(a)(1), citing *Burris v. State Employes' Retirement Board,* 745 A.2d 704 (Pa.Cmwlth.2000), among others.

DOT cites *Wagner v. Department of Transportation, Bureau of Driver Licensing,* 931 A.2d 104 (Pa.Cmwlth.2007), for the proposition that because it is a remedial statute, the Court must construe the provisions of Section 1611(a)(1) of the Vehicle Code liberally so as to effectuate legislative intent. Moreover, Chapter 16 of the Vehicle Code (also known as the Uniform Commercial Driver's License Act) was enacted to reduce or to prevent commercial motor vehicle accidents and fatalities by allowing a disqualification of commercial vehicle drivers who have committed serious traffic violations or other specific offenses. DOT maintains that allowing Kolva to avoid a disqualification by withdrawing from ARD would be contrary to the purposes of Chapter 16 and as support cites *Thorek v. Department of Transportation, Bureau of Driver Licensing,* 938 A.2d 505 (Pa.Cmwlth.2007), *appeal denied,* 597 Pa. 724, 951 A.2d 1168 (2008), which states that Chapter 16 advances the public interest in reducing commercial vehicle accidents.

DOT also argues that the *Lihota* holding directly controls the outcome here. That case involved a licensee who was charged with DUI on three separate occasions within six months and was convicted on two of the charges and accepted ARD for the third. The licensee thereafter was involuntarily removed from ARD for violating its terms; he went to trial on his third DUI charge and was found not guilty for lack of prosecution. The Court upheld a five-year license suspension against the licensee as a habitual offender under Section 1542(c) of the Vehicle Code, 75 Pa.C.S. § 1542(c), providing that accepting ARD for certain enumerated offenses "shall be considered an offense for the purposes of this section." The Court rejected the licensee's contentions regarding the effect of his DUI acquittal, and it reasoned that his acceptance of ARD must be counted as a conviction for the purpose of classifying him as a habitual offender.

DOT's submits that no evidence exists to support the finding that it consented to Kolva's removal from ARD. DOT further submits that his avoidance of a disqualification by withdrawal from ARD is prohibited by the "anti-masking" provision in regulations promulgated under Chapter 313 of the federal Commercial Motor Vehicle Safety Act of 1986, 49 U.S.C., §§ 31301–31317. *See* 49 C.F.R. § 384.226 ("The State must not mask, defer imposition of judgment, or allow an individual to enter into a diversion program that would prevent a [commercial] driver's conviction for any violation ... of a State or local traffic control law (except a parking violation) from appearing on the CDLIS driver record, whether the driver was convicted for an offense committed in the State where the driver is licensed or another State.").

 The trial court stated that DOT raised two points of error in its Pa. R.A.P. 1925(b) concise statement of errors complained of on appeal, *i.e.,* whether Kolva's acceptance of ARD constitutes a conviction

under Section 1603 of the Vehicle Code and automatically results in a one-year suspension and whether the trial court erred in relying on a court document from Kolva's criminal proceeding when it was not offered into evidence during the statutory appeal proceeding. It is clear from reading DOT's Rule 1925(b) statement of errors that it failed to raise any challenge regarding its supposed consent to Kolva's withdrawal from ARD or regarding federal anti-masking provisions. Accordingly, these issues are deemed waived and need not be addressed by this Court. *Morley v. City of Philadelphia Licenses & Inspections Unit,* 844 A.2d 637 (Pa.Cmwlth.2004). The Court notes, however, that Kolva's Counsel conceded at oral argument that the record has no evidence to show that DOT knew of the agreement to revoke Kolva's acceptance of ARD, although that concession has no bearing on the outcome of this appeal.

■ In response to DOT's arguments, Kolva argues that his conviction was in effect overturned when he voluntarily withdraw his acceptance of ARD within a few weeks before even participating in the program, although he acknowledges that his initial acceptance of ARD constituted a conviction for purposes of Section 1611(a)(1) of the Vehicle Code. Kolva agrees with the distinction made by the trial court between the case *sub judice* and *Lihota,* where the licensee was removed from ARD for his violation of the terms and conditions of the program. There is no evidence here that Kolva violated any requirements of the ARD program. Also, the definition of a conviction in Section 1603 contains qualifying language, which supports the determination that the agreement to revoke his acceptance of ARD and the court order approving the revocation had the same effect as an overturned conviction, vacated finding of guilt or a pardon. In sum, there was no conviction.

Pursuant to its review of the issue preserved in this appeal along with relevant statutory and case authority, the Court concludes that the trial court was correct in its legal analysis and interpretation of the law. The Court's recent decision in *Poborski v. Department of Transportation, Bureau of Driver Licensing,* 964 A.2d 66 (Pa.Cmwlth.2009), is directly on point and controls the outcome. In *Poborski* the licensee was charged with DUI under Section 3802 of the Vehicle Code, *as amended,* 75 Pa. C.S. § 3802, and he accepted ARD. The licensee was notified by DOT that his personal driving privileges would be suspended for thirty days and that his commercial driving privileges would be disqualified for one year due to his acceptance of ARD. He appealed the suspension and disqualification to the trial court and also petitioned the court to be removed from ARD and to have his case remanded to a magistrate so that he could challenge the underlying charge.

The trial court granted Poborski's petition and request to be removed from ARD. At hearings before the trial court on the licensee's appeals, he argued that his withdrawal from ARD triggered a nullification of DOT's actions, and DOT argued that the licensee's acceptance of ARD triggered both the suspension and the disqualification. The trial court determined that the licensee's acceptance of ARD required DOT's actions and that it did not matter whether the licensee completed or removed himself from ARD. Relying upon *Lihota,* the trial court dismissed the licensee's appeals of the suspension and the disqualification. On review of the one issue presented to the Court on appeal, *i.e.,* whether acceptance of ARD required the continued suspension and disqualification regardless of the subsequent voluntary withdrawal from the program, it reversed the trial court after engaging in a review of pertinent statutory provisions and an

analysis of distinctions between *Lihota* and Poborski's case. The Court observed settled principles that a licensee's mere acceptance of ARD is sufficient to trigger a suspension, *see Department of Transportation, Bureau of Traffic Safety v. McDevitt*, 57 Pa.Cmwlth. 589, 427 A.2d 280 (1981), *aff'd*, 500 Pa. 532, 458 A.2d 939 (1983), and that DOT's initial suspension or disqualification is proper when based upon an acceptance of ARD.

Notwithstanding that observation, the Court recognized that according to *McDevitt* a licensee's acceptance of ARD represented a conscious choice to seek an alternative to prosecution and to waive the right to prove one's innocence or risk conviction, but when the trial court grants a petition to withdraw from ARD that decision constitutes a nullification of the licensee's knowing waiver of the right to challenge the underlying charge and by extension a nullification of his acceptance of ARD. Consequently, DOT's suspension and disqualification in *Poborski*, while initially proper, could no longer stand as DOT's authority to continue enforcement of its actions in the absence of the licensee's prior acceptance was nullified.

The Court explained in *Poborski* that there was nothing in *Lihota* or in the other cases cited by DOT to demonstrate that action was taken by the licensee or by the trial court to nullify the licensee's acceptance of ARD.[3] In addition, the Court clar-

ified that a licensee's initial acceptance of ARD remains intact where the licensee does not complete ARD or is involuntarily removed from the program. In the matter *sub judice*, the trial court followed the law in sustaining Kolva's appeal of the disqualification of his commercial driving privileges. Kolva's acceptance of ARD was nullified by virtue of his voluntary withdrawal and trial court approval of the revocation of ARD. Because the trial court did not commit an error of law, this Court must affirm the trial court's order.

### ORDER

AND NOW, this 22nd day of July, 2009, the Court hereby affirms the order of the Court of Common Pleas of Montgomery County.

DISSENTING OPINION BY Judge PELLEGRINI.

Because Section 1603 of the Vehicle Code, 75 Pa.C.S. § 1603, provides that a licensee who accepts Accelerated Rehabilitative Disposition (ARD) is deemed convicted, making the licensee disqualified from driving a commercial motor vehicle or school vehicle for a period of one year under 75 Pa.C.S. § 1611,[1] I respectfully dissent.

The issue before us is whether once ARD is accepted, a licensee may later withdraw his acceptance into that pro-

---

3. *See, e.g., Smay v. Department of Transportation, Bureau of Driver Licensing*, 940 A.2d 540 (Pa.Cmwlth.2007) (reversing trial court's order dismissing a ninety-day suspension of operating privileges and holding that a minor's plea bargain was the functional equivalent of a preadjudication disposition for purposes of a Vehicle Code suspension, even where the minor completed alcohol counseling and was later found not guilty on the underlying criminal charges).

1. 75 Pa.C.S. § 1611(a) provides, in relevant part:

First violation of certain offenses.—Upon receipt of a report of conviction, the department shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle or school vehicle for a period of one year for the first violation of: (1) section 3802 (relating to driving under influence of alcohol or controlled substance) or former section 3731, where the person was a commercial driver at the time the violation occurred.

gram, plead guilty to a lesser crime and avoid suspension of his license. Section 1603 of the Vehicle Code, 75 Pa.C.S. § 1603, defines a "conviction" as:

> [T]he **acceptance** of Accelerated Rehabilitative Disposition [ARD] or other preadjudication disposition for an offense **or** an unvacated finding of guilt or determination of violation of law or failure to comply with the law by an authorized administrative tribunal. The term does not include a conviction which has been overturned or for which an individual has been pardoned. (Emphasis added.)

As can be seen, unlike convictions or failure to comply with the law, the General Assembly did not qualify the acceptance of ARD. Acceptance results in a classification of "convicted" for license suspension purposes. By making acceptance the touchstone, our General Assembly also sought to avoid manipulation of the ARD program by allowing a licensee to withdraw from the program once the "heat was off" and then plead guilty to a lesser offense that did not require his or her license to be suspended.

Absent a licensee establishing that he was misinformed of the terms of the program, once a licensee accepts ARD, even if the licensee later withdraws, he is still convicted as that term is defined by Section 1603 of the Vehicle Code, 75 Pa.C.S. § 1603.

Accordingly, I respectfully dissent.

President Judge LEADBETTER and Judge COHN JUBELIRER join in this dissenting opinion.