### Commonwealth v. Bowers

C.P. of Berks County, no. 3629/09.

*Colin R. Boyer, assistant district attorney,* and *Alisa R. Hobart, assistant district attorney,* for Commonwealth. *Eric J. Taylor,* for defendant.

BOCCABELLA, *J.,* August 9, 2010—On March 12, 2010, this court accepted Jamar Bower's (defendant) open plea of guilty to the charge of driving under the influence.[1] On the same day, prior to sentencing, this court determined that since the defendant was found not guilty in a case where he had previously accepted accelerated rehabilitative disposition, the defendant was to be sentenced as a first-time offender. This court sentenced the defendant to be committed to the Berks County Jail System for a period of not less than 48 consecutive hours

_____

1. 75 Pa.C.S. §3802(b).

nor more than six months and to pay a fine of $500. Previously, in docket number 5115-08, the defendant had been placed on the ARD program for DUI[2] on January 21, 2009 for 12 months. However, on November 20, 2009, the defendant was tried on the DUI charges on docket number 5115-08, and this court granted the defendant's motion for judgment on acquittal on the two DUI counts.

On April 8, 2010, the Commonwealth, by and through counsel Alisa R. Hobart, Esquire, filed a notice of appeal to the Superior Court of Pennsylvania. On April 9, 2010, this court ordered the Commonwealth as appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925. On April 26, 2010, the Commonwealth filed its concise statement. The following issue has been set forth for appellate review:

(1) Whether the trial court imposed an illegal sentence by failing to sentence the defendant to the mandatory 30-day incarceration period for driving under the influence of alcohol, 75 Pa.C.S. §3802 as a second offense, where Bowers did not successfully complete the ARD placement for his first DUI offense. See *Commonwealth v. Beeker,* 366 Pa. Super. 54, 530 A.2d 888 (1987) *(en banc).*

## FACTUAL SUMMARY

On September 5, 2008, the defendant was charged with two counts of DUI and one count of careless driving on docket number 5115/08. The defendant was eventu-

---

2. 75 Pa.C.S. §3802(a)(1) and (2).

ally placed on the ARD program for 12 months on January 21, 2009. On June 22, 2009, on this docket, 3629/09, a second criminal complaint was filed against the defendant, charging him with two counts of DUI and one count of maximum speed limits. On August 5, 2009, the Commonwealth filed a motion for the defendant to show cause as to why he should not be removed from the ARD program on docket number 5115/08. In a hearing that took place on October 14, 2009, the Commonwealth sought to withdraw its petition to remove the defendant from ARD. However, the defendant requested that this court withdraw his acceptance from ARD, which this court granted, thereby terminating the defendant from ARD and authorizing the Commonwealth to proceed on the DUI charges. On November 20, 2009, the defendant was tried on the first DUI charges on docket number 5115/08, via a bench trial. This court granted the defendant's motion for judgment of acquittal on the two DUI counts and found the defendant not guilty of careless driving. There was no appeal filed.

On the basis on being acquitted of the first DUI charges on docket number 5115/08, the defendant, through his counsel, Eric J. Taylor, Esquire, filed a motion to amend the grading of the information on this docket to reflect that this was the defendant's first DUI, rather than his second. On March 3, 2010, this court denied the defendant's motion to amend the grading of the information. On March 12, 2010, the defendant pled guilty in an open plea on this docket. Before sentencing, this court held a hearing to determine whether the defendant was to be sentenced as a first- or second-time offender. Defense counsel argued that somebody who accepts ARD, then withdraws his acceptance of ARD (as approved and granted by the court), ultimately being

acquitted, cannot have that "acceptance" be used against him later on. The Commonwealth, citing *Commonwealth v. Becker,* 366 Pa. Super. 54, 530 A.2d 888 (1987) (en banc), argued that a defendant who had previously accepted ARD with respect to a prior DUI but had not successfully completed the ARD program, should still be sentenced as a second-time offender for the subsequent offense. This court agreed with the defendant and found that due to the defendant being acquitted of the earlier DUI charges (on docket number 5115/08), his acceptance of ARD should not be used against him on subsequent charges. In spite of *Becker,* such a result is absurd and violative of due process. Indeed, it denies a basic premise of our criminal justice system, the presumption of innocence, which must be viewed as a basic tenet of due process of law. Thus, this court sentenced the defendant as a first-time offender and sentenced the defendant to be committed to the Berks County jail system for a period of not less than 48 consecutive hours nor more than six months and to pay a fine of $500.

## DISCUSSION

The Commonwealth's appeal presents the sole issue of whether the court sentenced the defendant to an illegal sentence. The Commonwealth asserts that the defendant should be sentenced as a second-time offender in a subsequent case once he accepted ARD. (The issue presented on appeal frames itself as the defendant having been unsuccessful in ARD. The defendant's success or failure in that program should be of no consequence. The issue is inartfully presented.)

A claim that the trial court imposed an illegal sentence is a matter of law and, accordingly, the Superior Court's

scope of review is plenary. *Commonwealth v. Evans,* 901 A.2d 528, 536 (Pa. Super. 2006).

This court realizes that the pronouncements of the Superior Court have ruled contra to the result which this court reaches in the case at bar. However, those cases are distinguishable on their facts. In the case at bar, this court granted the withdrawal of the defendant's ARD. The defendant was then acquitted after trial. Is said acquittal complete or provisional? There is no logical or rational reason as to how an opposite result could be reconciled with the presumption of innocence or with this court's sworn duty to uphold the constitutions of the Commonwealth and of the United States. The result of this case, while not in conformity with some case law (depending on interpretation) is so fundamentally fair that this court willingly adopts same.

In this discussion, there is value to looking at the origins of the ARD program. It was a product of the Supreme Court of Pennsylvania as set forth in the Rules of Criminal Procedure in 1973 (former Rules of Criminal Procedure 175-185). Pa.R.Crim.P. 175-185 (1973) (current version at Pa.R.Crim.P. 310-320). The program was not an invention of the legislature. It was fashioned as "a diversionary program," one designed by the court to allow *prosecutors* to ferret out non-violent, less serious cases from a system that was bulging at the seams.

The Rules of Criminal Procedure provides in pertinent part:

"Hearing on a motion for accelerated rehabilitative disposition shall be in open court in the presence of the defendant, his attorney, the attorney for the Commonwealth, and any victims who attend. At such hearing, the

defendant shall be asked on the record whether he understands that:

"(1) Acceptance into and satisfactory completion of the accelerated rehabilitative disposition program offers him an opportunity to *earn a dismissal of the charges pending against him;* . . . ." Former Pa.R.Crim.P. 177(1) (1973). (emphasis supplied)

The comment in Former Rule 177 describes a form of notice that had been used in Philadelphia. Former Pa.R.Crim.P. 177. This notice described what a defendant had to do to earn a dismissal of the charges and an expungement of the record. *Id.*

The legislature got involved in 1983, when it passed a sweeping revision of the DUI provisions of the Vehicle Code, Act of December 15, 1982, no. 289, §9, 1982 Pa. Laws 1268, 1277 (currently codified at 75 Pa.C.S. §3806(a)). Included in these provisions was former section 3731(e)(2), which stated that ARD would be considered a prior offense. Act of December 15, 1982, no. 289, §9, 1982 Pa. Laws 1268, 1277. In doing so, the General Assembly made the ARD program something that it was never intended to be . . . a bastardized diversionary program disrespecting the rules of court as well as the presumption of innocence, one of the foundations of our system.

The promise of the court to any individual who wanted to participate in the program was (and is) a complete dismissal of the charges and an expungement of the record. That promise was compromised by the legislature and broken by the courts in allowing the legislature to discard the clear mandate of the rules of court and to

modify the rules to accommodate the legislative branch. (So much for the separation of powers.) This is evident in the current Rule 312 of the Rules of Criminal Procedure, which states: "Although acceptance into an ARD program is not intended to constitute a conviction under these rules, it may be statutorily construed as a conviction for purposes of computing sentences on subsequent convictions." Pa.R.Crim.P. 312; see also, 75 Pa.C.S. §3806(a).

There is a presumption that is apparent in the legislature's impingement on the court's inherent powers, although it is unrecorded. The legislature believes that the court has given the ARD participants (accepters of ARD) a pass from the responsibility of their actions. But the legislature has failed to realize that there are many diverse reasons for a defendant accepting the benefits of the program even if conviction on the underlying offense(s) may not be a foregone conclusion. Defendants do not accept ARD dispositions merely because they are guilty and want to avoid the consequences of their actions. They may be unwilling to suffer through the emotional and financial costs of maintaining their innocence by demanding the government be put to its burden of proof beyond a reasonable doubt. If the wisdom of the court, in spawning the ARD program, is defeated by an act of the General Assembly then where are the limits of the legislative body's power to make the courts subservient to their dictates.

Every defendant in a criminal case is cloaked with the presumption of innocence. That presumption cannot be removed except by verdict or plea. The legislature has removed that "cloak of innocence" without the govern-

ment being put to its constitutional burden of proof and the courts have turned the other cheek. See *Comonwealth v. Pleger,* 934 A.2d 715 (Pa. Super. 2007) among other cases of that ilk. *Pleger* seems to stand for the proposition that if a criminal defendant is notified that an adverse result will occur if he or she accepts a disposition, then there are no problems with the validity of the result even if the law changes after the notice. *See id.* (*Pleger* dealt with, inter alia, the enlargement of the look-back period for determining which prior offenses impact sentencing.)

This court realizes that the legislature had previously found that ARD could be considered a prior conviction when considering habitual offenders in the civil context of a driver license suspension. See Leonard N. Sosnov, *Due Process Limits on Sentencing Power: A Critique of Pennsylvania's Imposition of a Recidivist Mandatory Sentence Without a Prior Conviction,* 32 Duq. L. Rev. 461, 462 n.12. (other citations omitted) However, this court concurs that a license is a privilege and not a right, whereas every criminal defendant is entitled to the presumption of innocence as a matter of right. See also, *Commonwealth v. Krall,* 290 Pa. Super. 1, 434 A.2d 99, 100 (1981) (A defendant's admission into an ARD program does not constitute a conviction for purposes of impeachment). This court would also note that the Pennsylvania Commonwealth Court has found it permissible for a trial court to grant a licensee's request to withdraw from the ARD program regarding a license suspension, as has been similarly done here regarding the criminal conduct aspect of a DUI. See *Kolva v. PennDOT,* 977 A.2d 1248, 1253 (Pa. Commw. 2009) and *Poborski v. PennDOT,* 964 A.2d 66, 70-71 (Pa. Commw. 2009).

This court presumes that a main authority in the Commonwealth's case will lie with *Becker. Becker,* 366 Pa. Super. at 54, 530 A.2d 888. However, this court would posit that the criminal justice system would best be able to protect the rights of a criminal defendant, including due process of law, by following the *Becker* dissents written by President Judge Cirillo and Judge Del Sole. See *Becker,* 366 Pa. Super. at 68-78, 530 A.2d at 895-900 (Cirillo, P.J., and Del Sole, J., dissenting). President Judge Cirillo argued that if ARD has been revoked, "the defendant must now be prosecuted on the original charges, and will therefore be presumed innocent." *Id.* at 72, 530 A.2d at 897. President Judge Cirillo goes on to explain that this would preserve the presumption of innocence regarding the original charges and allow the Commonwealth to charge the defendant as a second time offender only if the defendant is found guilty in the first case. *Id.* Judge Del Sole wrote:

"Appellee must now face trial on the charges stemming from the earlier incident. I believe that if appellee is found guilty on the charges for which he had sought ARD, he could be sentenced as a second-time offender. Appellee would then properly be receiving the harsh penalty which the legislature intended for those who repeatedly violated the statute. If however, appellee were to be found not guilty, he would not be in the unenviable position suggested by the majority of being sentenced as a second-time offender on the charges giving rise to this appeal although he had only been convicted of one violation of the statute." *Id.* 77-78, 530 A.2d at 899-900.

In light of the U.S. Supreme Court's recent opinion in *Padilla v. Kentucky,* 130 S.Ct. 1473 (2010), it appears

that due process requires the courts to advise defendants of the direct and the collateral consequences of their actions in court. How does one explain that an earned dismissal of charges and expungement of the record (as promised by the court at the time of placement into the program) constitute the same result for future DUI convictions (as if they had been taken to trial and proven guilty or pled guilty). How does one explain an anomaly, *e.g.,* a square circle (a dismissal of the charges and an expungement of the record that is the equivalent of a conviction and a complete expungement of the record). The Pennsylvania Supreme Court has found that "[t]he harm ancillary to an arrest record is obvious: 'Information denominated a record of arrest, if it becomes known, may subject an individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial.'" *Commonwealth v. Armstrong,* 495 Pa. 506, 509-10, 434 A.2d 1205, 1207 (1981) quoting *Commonwealth v. Malone,* 244 Pa. Super. 62, 68, 366 A.2d 584, 587-88 (1976). Does the notification of the recidivist provisions of the Vehicle Code and those mentioned in the newer rules of court negate the presumption of innocence and the promised benefit of an accused's acceptance of the court inspired diversionary program (ARD)? This court finds that notice to a defendant that it cannot explain and that the court finds contrary to due process and the presumption of innocence does not.

For the foregoing reasons this court respectfully requests that the sentence imposed on the defendant be affirmed on appeal.