## Commonwealth *v.* Lehman, Jr.

Argued May 10, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

604

*Stuart A. Liner,* Assistant Attorney General, with him *Jerrold D. Harris,* Assistant Attorney General, *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILKINSON, May 25, 1973:

On two occasions, once on January 26, 1971, and again on October 26, 1971, appellee paid fines and costs for violations of Section 1002(b)(6) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(6), travelling at the rate of seventy (70) miles per hour in a fifty-five (55) miles per hour zone. This resulted in his operator's privileges being suspended by the Secretary of Transportation for sixty (60) days under the provisions of Section 619.1 of The Vehicle Code, 75 P.S. §619.1.

Appellee appealed the suspension and had a de novo hearing before the court below. He freely admitted paying the fine and costs and raised only the question that he had not had a hearing before the Secretary.

As this Court has held repeatedly, the only case appellee can produce to overcome the prima facie case of

the Commonwealth is to show that he was not convicted of the offenses. *See Commonwealth v. James,* 6 Pa. Commonwealth Ct. 493, 296 A. 2d 530 (1972); *Commonwealth v. Siedlecki,* 7 Pa. Commonwealth Ct. 130, 300 A. 2d 287 (1973). Nevertheless, the lower court sustained the appeal and reversed the Secretary on the grounds that appellee was entitled to a hearing, citing *Bell v. Burson,* 402 U.S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971), and *Reese v. Kassab,* 334 F. Supp. 744 (W.D. Pa. 1971).

For the reasons set forth in *Commonwealth v. Grindlinger,* 7 Pa. Commonwealth Ct. 347, 300 A. 2d 95 (1973), and *Commonwealth v. Trimble,* 7 Pa. Commonwealth Ct. 443, 300 A. 2d 92 (1973), this Court has held that the de novo hearing held by the court below cured any procedural defect which may have existed because appellee was not afforded a departmental hearing.

Accordingly, the order of the court below is reversed, and the order of the Secretary of Transportation suspending the appellee's operating privileges is reinstated.