540

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety *v.* Richard M. Groat. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant.

Argued October 30, 1975, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*John J. Kennedy, Jr.,* Assistant Attorney General, with him *John L. Heaton,* Assistant Attorney General, *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Martin W. Sheerer,* with him *Dillman, Sheerer & Schuchert,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 7, 1976:

The sole question presented in this motor vehicle operator's license revocation appeal is whether or not the Commonwealth met its burden of proving a violation of Section 1002(b)(8) of The Vehicle Code (Code), Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §1002(b)(8). We hold that this burden was shouldered and reverse the order of the court below.

Richard M. Groat (Appellee) was notified by letter dated July 5, 1974, that as a result of a June 26, 1973 conviction for violating Section 1002(b)(8) of the Code by speeding 78 m.p.h. in a 65 m.p.h. zone that his operating privileges were being suspended for one month pursuant to Section 618(b)(2) of The Vehicle Code.

On August 2, 1974, Appellee filed an appeal from the suspension to the Court of Common Pleas of Allegheny County and his operating privileges were thereafter restored after a grant of supersedeas. Hearing on the appeal was set down and at the hearing the Commonwealth offered the testimony of the arresting officers, Troopers Donald L. Corbett and Gregory Wagner of the Pennsylvania State Police. Trooper Corbett testified that he clocked Appellee's vehicle traveling north on Interstate 79 at 78 m.p.h. Trooper Wagner testified that upon information received from Trooper Corbett he apprehended Groat.

Appellee testified on direct examination, "[t]hat is why I never questioned the number, because I was going 78 miles an hour at the time I looked at the speedometer." Appellee further stated "I certainly today did not question the officer that I could have been going 78 miles an hour. I did not argue with him at the time. I never questioned it."

In its opinion, the trial court reasoned that because Appellee was exceeding the speed limit in a short time frame while rounding a downhill curve, there was no violation. This was error.

This case is in concert with our recent decision in

542

*Commonwealth of Pennsylvania, Bureau of Traffic Safety v. John William Johnston, III,* 18 Pa. Commonwealth Ct. 496, 336 A. 2d 446 (1975) where operating privileges were likewise suspended pursuant to a violation of Section 1002(b) (8) and consequently Section 618(b) (2) for traveling 79 m.p.h. in a 65 m.p.h. zone. There we said:

> "In rescinding the suspension, the lower court relied solely upon its prior decision in Commonwealth v. Walker (No. SA 530 of 1973), which held that a suspected speeder must be tracked on radar for a distance of at least one-quarter mile, as required of conventional speedometer clockings under section 1003(d) (1), 75 P.S. §1002(d) (1), before his license can be suspended for a violation of section 1002(b) (8). Walker is presently on appeal to this Court. We need not reach that issue here, however, as Appellee did not challenge the validity of his arrest or conviction on this basis in the court below. He, in fact, admitted in open court to his violation of section 1002(b) (8). Given these circumstances, the lower court erred as a matter of law in sustaining his appeal." *Johnston, supra,* 18 Pa. Commonwealth Ct. at 497, 336 A. 2d at 446.

Although Appellee raised the *Walker* issue below, by per curiam order dated March 12, 1975, we reversed *Walker* on the authority of *Commonwealth v. Bartley,* 411 Pa. 286, 191 A. 2d 673 (1963).

And finally, there is one misconception stated in the court below which bears correction. This is not a review of the criminal conviction as stated below, but a review of the civil revocation which resulted therefrom. The real question on review was, and is, whether by a *fair weight* and *preponderance* of the evidence a violation of The Vehicle Code was established. *Civitello v. Commonwealth of Pennsylvania, Bureau of Traffic Safety,* 11 Pa. Commonwealth Ct. 551, 315 A. 2d 666 (1974).

As we hold that the burden was met by the Commonwealth, we reverse.