William E. Martz, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety.

Argued January 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Stephen Cohen,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 15, 1976:

The Secretary of Transportation (Secretary) revoked the motor vehicle operating privileges of William E. Martz (Appellant) for one year. His appeal to the Court of Common Pleas was dismissed and he appeals that order to us.

Upon Appellant's plea of guilty to the charge of driving while intoxicated in violation of Section 1037 of the Vehicle Code (Code)[1], the Secretary, after receiving a certification of conviction, revoked Appellant's oper-

---

1. Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §1037.

ating privileges for one year as mandated by Section 616(a) of the Code, 75 P.S. §616(a).

Acceding to Appellant's request, the Secretary conducted a hearing and the revocation was upheld. After a hearing de novo in the Court of Common Pleas, at which time the Secretary presented the record of Appellant's conviction in evidence, the revocation was affirmed.

Initially, we remind Appellant that our review is of the order of revocation and not the criminal conviction which prompted the revocation. *Commonwealth of Pennsylvania, Bureau of Traffic Safety v. Groat*, 22 Pa. Commonwealth Ct. 540, 350 A.2d 431 (1976). Where the court below, after a hearing de novo, orders revocation of operating privileges we must determine whether the findings are supported by competent evidence or whether there were errors of law. *Civitello v. Commonwealth of Pennsylvania, Bureau of Traffic Safety,* 11 Pa. Commonwealth Ct. 551, 315 A.2d 666 (1974).

The certified record of a conviction of driving while intoxicated is sufficient to sustain an order of revocation.[2]

Appellant urges that the hearing conducted by the Secretary was a sham.[3] However, after reviewing the record made in the court below, we are satisfied that his interests were adequately protected there by counsel and that he had the opportunity to offer evidence. Therefore, the de novo hearing cured whatever procedural irregularities, if any, which may have existed during the Secretary's hearing. *See Commonwealth v. Lehman,* 8 Pa. Commonwealth Ct. 603, 305 A.2d 730 (1973).

Affirmed.

---

2. Section 616(a) of the Code, 75 P.S. §616(a).

3. Appellant asserts that he was not given an opportunity to present rebuttal testimony, ask questions, or take notes.