Thomas P. Yeckley, Sr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs January 30, 1983, before Judges WILLIAMS, JR., BARRY and PALLADINO, sitting as a panel of three.

*James R. Fitzgerald,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE PALLADINO, April 13, 1984:

Thomas P. Yeckley, Sr. (Appellant), appeals from Judge PAPADAKOS' order dismissing his consolidated appeals which, in turn, were taken from the Department of Transportation's (Department) revocation of Yeckley's driving privileges. After carefully considering the Appellant's arguments we affirm the decision of the Court of Common Pleas of Allegheny County.

The facts are not in dispute. The Appellant was convicted of violating Section 3731 of the Motor Vehicle Code (Code)[1] (driving under the influence of alcohol or controlled substance), on four separate occasions. Under Section 1542 of the Code, the "habitual offender" provision,[2] Appellant's driving privileges were revoked for five years after his third conviction and for an additional two years following his fourth conviction. The action taken by the Department was fully consistent with §1542. Indeed, the Department's action was not discretionary.[3]

The Appellant challenges Section 1542 on constitutional grounds. His task is not an easy one as we recognize the considerable presumption in favor of

---

[1] 75 Pa. C. S. §3731.

[2] 75 Pa. C. S. §1542.

[3] Section 1542 provides in pertinent part:

(a) . . . A "habitual offender" *shall* be any person whose driving record . . . shows that such person has accumulated the requisite number of convictions . . . within any period of five years thereafter.

the constitutionality of legislation. *Lehigh Foundations, Inc. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 416, 423, 395 A.2d 576, 580 (1978).

Appellant argues lack of due process and denial of equal protection. Notice and opportunity to be heard requirements of due process have been met by virtue of a *de novo* hearing in the court below.[4] Appellant's equal protection claim is equally untenable. Habitual offenders are not a suspect class nor is driving a fundamental right, thus under a rational relation standard the statute in question clearly passes constitutional muster.

Yeckley's challenge under the Eighth Amendment, that revocation is "cruel and unusual" punishment, is without foundation. We believe that such a revocation does not shock the general conscience, where the Appellant has been convicted of drunk driving on four separate occasions.[5]

---

(b) . . . Three convictions arising from separate acts of any one or more of the following offenses *shall* result in such person being designated as a habitual offender:

(1) Any offense set forth in section 1532 (relating to revocation or suspension of operating privilege).

(d) . . . The operating privilege of any person found to be a habitual offender under the provisions of this section *shall* be revoked by the department for a period of five years.

(e) . . . Any additional offense committed within a period of five years *shall* result in a revocation for an additional period of two years. (Emphasis added.)

[4] *See Commonwealth v. Lehman,* 8 Pa. Commonwealth Ct. 603, 305 A.2d 730 (1973) ; *Grindlinger v. Department of Transportation, Bureau of Traffic Safety,* 7 Pa. Commonwealth Ct. 347, 300 A.2d 95 (1973).

[5] *See generally Carmona v. Ward,* 576 F.2d 405 (2d Cir. 1978), *cert. denied,* 439 U.S. 1091 (1979) ; *United States v. Thevis,* 526 F.2d 989 (5th Cir. 1976), *cert. denied,* 429 U.S. 928 (1976) ; *see also Owens v. State ex rel. Vannatta,* 382 N.E. 2d 1312 (Ind. App. 1978).

Appellant cites no authority to support his contention that Section 1542(c)[6] is unconstitutional and his naked assertion of unconstitutionality does not justify discussion.

ORDER

AND Now, April 13, 1984, the decision of the Court of Common Pleas of Allegheny County dismissing the Appellant's appeal is affirmed.

---

[6] Section 1542(c) provides:

Accelerative Rehabilitative Disposition as an offense— Acceptance of Accelerative Rehabilitative Disposition for any offense enumerated in subsection (b) shall be considered an offense for the purposes of this section. (Citation omitted.)