456

524 A.2d 1058

Jeffrey A. Hillwig, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs March 24, 1987, to President Judge CRUMLISH, JR., Judge PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Patrick J. Thomassey,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE PALLADINO, April 27, 1987:

Jeffrey Alan Hillwig (appellant) appeals an order of the Court of Common Pleas of Allegheny County (trial court) affirming a decision of the Pennsylvania Department of Transportation (DOT) to suspend appellant's license for five years pursuant to Section 1542 of the Vehicle Code, 75 Pa. C. S. §1542 (Revocation of offender's license). For the reasons which follow, we affirm.

On September 24, 1984, appellant was arrested for a violation of Section 3731 of the Code, 75 Pa C. S. §3731 (Driving under the influence of alcohol or controlled substance). Appellant, *pro se,* appeared at an October 18, 1984 hearing in the trial court and was accepted into the Accelerated Rehabilitative Disposition program (ARD).

By notice bearing a mailing date of January 16, 1985, DOT suspended appellant's license for 30 days pursuant to 75 Pa. C. S. §3731(e)(6)(ii). Thereafter, by notice bearing a mailing date of March 18, 1985, DOT notified appellant that as a result of (1) his acceptance of ARD for the violation of Section 3731, (2) an August 4, 1980 conviction for violation of Section 3743 of the Vehicle Code, 75 Pa. C. S. §3743 (Accidents involving damage to attended vehicle or property), and (3) a Septem-

ber 6, 1981 conviction for violation of Section 1543 of the Vehicle Code, 75 Pa. C. S. §1543 (Driving while operating privilege is suspended or revoked), his license was being revoked for five years as mandated by Section 1542 of the Vehicle Code, 75 Pa. C. S. §1542.

Appellant appealed the five-year suspension to the trial court which appeal, by order dated December 11, 1985, was dismissed. Appellant filed a timely appeal to this Court.

Section 1542 of the Vehicle Code, 75 Pa. C. S. §1542, provides, in pertinent part:

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender. . . .

(b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender:

(1) any offense set forth in Section 1532 (relating to revocation or suspension of operating privilege).

. . . .

(c) Accelerative Rehabilitative Disposition as an offense.—Acceptance of Accelerative Rehabilitative Disposition for any offenses enumerated in subsection (b) shall be considered an offense for the purpose of this section.

(d) Period of Revocation.—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.

Appellant does not dispute the applicability of Section 1542 to his 1980 and 1981 convictions. However,

appellant contends that the trial court erred in applying this section because his acceptance of ARD could not constitute a third conviction. He asserts that in order for his acceptance of ARD to be counted toward the three convictions necessary for license revocation as a habitual offender under Section 1542, he must meet the requirements for the program as set forth in the Pennsylvania Rules of Criminal Procedure 175 to 185.

Appellant relies upon Pa. R. Crim. P. 178 and 179(a). Pa. R. Crim. P. 178 provides that the driver, *in the presence of his attorney,* shall be asked, on the record, whether he understands the conditions of the program. Pa. R. Crim. P. 179(a) states that: "(a) when the driver, *with the advice and agreement of his attorney,* indicates his understanding of these proceedings, requests that he be accepted into the program, and agrees to the procedure set forth in Rule 178, the stenographer shall close the record." (Emphasis added.)

Appellant raises a novel defense in his contention that pursuant to Rules 178 and 179, he must have the advice of an attorney to explain the conditions and consequences of the ARD program in order to reach a knowing and understanding decision to waive his right to trial. Appellant does not, however, contend that he did not understand the conditions and consequences of ARD. He contends only that he did not know and was not informed that he could lose his license for five years pursuant to Section 1542 of the Vehicle Code.

Essentially, appellant's argument is that his acceptance of ARD is not valid and cannot be counted as the third offense under Section 1542 of the Vehicle Code because he was not apprised of the underlying civil consequences of this criminal proceeding and because he did not have an attorney.

This Court *en banc* recently held that due process does not require that an appellant be warned in a crimi-

nal proceeding of the civil implications of accepting ARD. *Brewster v. Department of Transportation,* 94 Pa. Commonwealth Ct. 277, 503 A.2d 497 (1986). We stated:

> The ARD program is provided as part of criminal proceedings. Pa. R. Crim. P. 175-185. However, a license revocation is a civil proceeding. The suspension of operating privileges is, therefore, a collateral consequence of any criminal proceedings. It is a consequence, civil in nature, whose imposition has been vested in an administrative agency over which the criminal judge had no control and for which he had no responsibility. 'Courts have thus consistently held that a trial court's failure to inform a defendant of this potential collateral consequence does not invalidate his [guilty] plea.' Commonwealth v. Wellington, 305 Pa. Superior Ct. 24, 27, 451 A.2d 223, 224 (1982); Commonwealth v. Englert, 311 Pa. Superior Ct. 78, 457 A.2d 121 (1983). This Court fails to perceive any reason why acceptance by the appellant of an ARD program should be invalidated, or at least not considered for purposes of Section 1542 of the Code, any more than a guilty plea.

*Id.* at 280-281, 503 A.2d at 498. *See also Department of Transportation, Bureau of Traffic Safety v. McDevitt,* 57 Pa. Commonwealth Ct. 589, 427 A.2d 280 (1981), *aff'd per curiam* 500 Pa. 532, 458 A.2d 939 (1983).

Further, appellant's argument that his acceptance of ARD is not valid because he appeared *pro se* is without merit. The Sixth Amendment to the United States Constitution guarantees the right to self-representation as long as a valid waiver is made. *Faretta v. California,* 422 U.S. 806 (1975). Therefore, the Rules of Criminal Procedure cannot force a defendant who opts for ARD

rather than trial to be represented by an attorney. Rules 178 and 179 merely allow the presence of the attorney and his participation in the proceeding.

We may not, however, reach this issue. The only issue we may consider is whether appellant *accepted* ARD. To inquire whether that acceptance was proper would be to allow him to collaterally attack his criminal conviction in this civil proceeding. As we stated in *Department of Transportation, Bureau of Traffic Safety v. Lea:*

> Appellee's attempt to attack his conviction on the ground that he was not advised of the possible revocation of his license must . . . fail. It is clear that our review, and by the same token, the review of the lower court, is limited to the order of revocation and not of the criminal conviction which prompted the revocation. Martz v. Department of Transportation, Bureau of Traffic Safety, 24 Pa. Commonwealth Ct. 26, 354 A.2d 266 (1976). . . .
>
> As we view it, an appeal from suspension or revocation of an operator's license being civil in nature, a reviewing court may not consider any claimed procedural defects or errors in the criminal proceeding which formed the basis for the suspension or revocation.

34 Pa. Commonwealth Ct. 310, 312-13, 384 A.2d 269, 271 (1978).

Accordingly, we affirm.

## ORDER

AND NOW, April 27, 1987, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.