**Brett LIHOTA, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania,
Department of Transportation,
Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Argued Nov. 6, 2002.

Decided Dec. 4, 2002.

As Amended Dec. 12, 2002.

Charles G. Nistico, Media, for appellant.

Marc A. Werlinsky, King of Prussia, for appellee.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and MIRARCHI, Senior Judge.

OPINION BY Judge PELLEGRINI.

Brett Lihota (Licensee) appeals from the order of the Court of Common Pleas of Delaware County (trial court) dismissing his appeal and reinstating the revocation of his operating privilege from the Pennsylvania Department of Transportation's (PennDOT) suspension of his driving privileges pursuant to Section 1542 of the Vehicle Code, 75 Pa.C.S. § 1542, for five years as a habitual offender.[1]

1. Section 1542 provides in relevant part:

"Revocation of habitual offender's license"

(a) **General rule.**—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) . . .

(b) **Offenses enumerated.**—Three convictions arising from separate acts of any one or more of the following offenses committed by any person shall result in such person being designated as a habitual offender:

(1) Any violation of Subchapter B of Chapter 37 (relating to serious traffic offenses).

(c) **Accelerative Rehabilitative Disposition as an offense.**—Acceptance of Accelerative Rehabilitative Disposition for any offense enumerated in subsection (b) shall be considered an offense for the purposes of this section.

During a six-month period beginning on December 8, 2000, Licensee was charged three separate times with driving under the influence of alcohol or controlled substance (DUI) in violation of Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731. Licensee was convicted on two of the DUI charges and he accepted Accelerated Rehabilitative Disposition (A.R.D.)[2] for the third. He later violated the terms of A.R.D., was removed from the program and put on trial for the underlying DUI. At trial, Licensee was found not guilty for lack of prosecution. Because Licensee had accepted admittance into the A.R.D. program and also had received two convictions for DUI within a period of five years, PennDOT notified him that he was being classified as a habitual offender and that his license would be suspended for five years under Section 1542 of the Vehicle Code. PennDOT's notice also advised him that he would have to apply for and install the ignition interlock system after serving his five-year license suspension as required by Section 7002, 42 Pa.C.S. § 7002.[3] Licensee appealed to the trial court which sustained the suspension, holding that Licensee's acceptance of the A.R.D. program constituted an offense under the habitual offender statute. This appeal followed.[4]

Licensee contends that because he was found not guilty of the underlying DUI offense, his acceptance of the A.R.D. program should not count towards his classification as a habitual offender.[5] Section 1542 of the Vehicle Code provides that "[a]cceptance of Accelerative Rehabilitative Disposition for any offense enumerated in subsection (b) shall be considered an offense for the purposes of this section." 75 Pa.C.S. § 1542(c). Licensee argues that the language, "acceptance of," should be interpreted by this Court as "acceptance and completion of," because completion of the program is the only way to ensure that there will be no future prosecution on the underlying offense. In essence, what Licensee is contending is that the result of any formal

---

**(d) Period of revocation.**—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.
(Emphasis in the original.)

2. The Accelerated Rehabilitative Disposition program is a special pre-trial intervention program for non-violent offenders who have a limited or no prior record. The A.R.D. program takes a "rehabilitative" stance instead of a punitive one. The purpose of A.R.D. is to determine, at an early stage, defendants who will respond to the treatment and education and, therefore, decrease their chance of future incidents of the same nature. A.R.D. is completely voluntary and the defendant must ask to be accepted into the program. Pa. R.Crim. P. 313(A).

3. The ignition interlock system is a device that tests for alcohol on a driver's breath requiring the driver to blow into an alcoholic sensor attached to the vehicle's dashboard. If the sensor detects a blood alcohol content above a designated level, the car will not start.

4. Our scope of review in a license suspension appeal is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether errors of law have been committed or whether the trial court's determination demonstrates a manifest abuse of discretion. *Mazza v. Commonwealth, Department of Transportation, Bureau of Driver Licensing*, 692 A.2d 251 (Pa.Cmwlth. 1997), *petition for allowance of appeal denied*, 551 Pa. 172, 709 A.2d 887 (1998).

5. In his brief, Licensee also argued that PennDOT did not have the authority to require the installation of the ignition interlock system under 42 Pa.C.S. § 7002 without a court order. However, Licensee never briefed or argued this contention during the proceedings in the trial court below, nor was any evidence offered on the issue. During oral argument before this Court, Licensee withdrew this issue.

prosecution on an underlying charge then controls, not the acceptance of A.R.D., when considering whether or not someone is a habitual offender. However, that interpretation disregards the plain and unambiguous language that acceptance of A.R.D. is considered an offense for the purposes of the habitual offender statute. Nowhere in the statute is it stated that satisfactory completion of A.R.D. is necessary for it to be considered an offense under Section 1542(c) of the habitual offender statute. *See also Commonwealth v. Becker,* 366 Pa.Super. 54, 530 A.2d 888 (1987), *petition for allowance of appeal denied,* 520 Pa. 586, 551 A.2d 213 (1988) (completion of A.R.D. is not necessary for it to be considered a conviction under 75 Pa.C.S. § 3731(e) to impose penalty for second offense.)

Even if satisfactory completion is not necessary, Licensee then contends that because Section 1542(c) labels acceptance of A.R.D. as an offense and not a conviction, he does not satisfy Section 1542's requirement of three convictions in order to be classified as a habitual offender. We addressed this exact issue in *Department of Transportation, Bureau of Traffic Safety v. Patrick A. McDevitt,* 57 Pa.Cmwlth. 589, 427 A.2d 280 (1981), *affirmed,* 500 Pa. 532, 458 A.2d 939 (1983), where a licensee challenged his classification as a habitual offender because PennDOT counted his acceptance of A.R.D. as one of his three "convictions." [6] We stated:

> Appellee argues that the offenses for which he was admitted into the A.R.D. program cannot be used to classify appellee as an habitual offender. Appellee asserts that since Sections 1542(a) and 1542(b) of the [Vehicle] Code define an habitual offender as a person whose driving record contains three convictions of statutory offenses, the habitual offender provisions cannot properly be applied to appellee who was not convicted of any offenses.

* * *

> Accordingly, appellee argues that the mandate of Section 1542(c) to consider acceptance of A.R.D. as an offense, is meaningless in view of the declared policy of Sections 1542(a) and 1542(b) that only convictions of offenses will result in a driver being designated an habitual offender. Appellee's interpretation of the Code would, in effect, nullify Section 1542(c) and exonerate appellee with respect to his multiple driving violations.... This argument would entirely insulate from censure a driver such as appellee, who was admitted to the A.R.D. program despite his having committed a new driving violation only a few weeks after his initial offenses.... Such a result would be contrary to the legislative intent of Section 1542 to protect the public from repeated incidences of careless driving by assessing additional penalties against persons categorized as habitual offenders. Moreover, rules of statutory construction require (1) that whenever possible, effect must be given to all provisions of a legislative act, and (2) that statutory language may not be supposed supererogatory. (footnotes omitted.)

*Department of Transportation, Bureau of Traffic Safety v. Patrick A. McDevitt,* 57 Pa.Cmwlth. 589, 427 A.2d 280 (1981), *affirmed,* 500 Pa. 532, 458 A.2d 939 (1983).

---

**6.** Licensee puts forth the argument that in *McDevitt,* we interpreted "acceptance" into the A.R.D. program as "acceptance and completion;" however, that issue was never addressed in that case and, therefore, Licensee's reliance upon *McDevitt* for that principle is misplaced.

Because Section 1542 of the Vehicle Code requires only acceptance, which is voluntary on his part, into A.R.D. and because the acceptance, not completion, of A.R.D. counts as a conviction under the habitual offender statute, even if he is ultimately found not guilty of the underlying charge, the trial court properly dismissed Licensee's appeal.

Accordingly, the decision of the trial court is affirmed.

### ORDER

AND NOW, this *4th* day of *December,* 2002, the order of the Court of Common Pleas of Delaware County, No. 02–997, dated May 13, 2002, is affirmed.