Eric HOFFMAN

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 24, 2010.

Decided Nov. 4, 2010.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Michael Steven Sherman, Pittsburgh, for appellee.

BEFORE: PELLEGRINI, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (PennDOT), appeals from January 22, 2010 order of the Court of Common Pleas of Butler County (trial court) sustaining Eric Hoffman's (Hoffman) appeal from the suspension of his operating privileges pursuant to Section 3807(d) of the Vehicle Code,

75 Pa.C.S. § 3807(d) (relating to mandatory suspension of operating privileges). The only issue before this Court is whether the trial court erred by reversing the suspension of Hoffman's operating privileges because he was involuntarily removed from the Accelerated Rehabilitative Disposition (ARD) program after he was accepted, but before he participated in the program.[1] For the reasons that follow, we affirm the decision of the trial court.

In February of 2009, Hoffman was cited for driving under the influence of alcohol (DUI) in violation of Section 3802(c) of the Vehicle Code, 75 Pa.C.S. § 3802(c). On June 22, 2009, he signed an ARD agreement, and by order of the trial court, was admitted into the program on the same day. The trial court issued an order dated June 22, 2009 finding that Hoffman appeared for DUI, and scheduling an ARD rehearing for July 9, 2009. The order further stated that Hoffman would remain supervised by probation through the ARD program. At the ARD rehearing, the trial court revoked Hoffman's ARD, and scheduled Hoffman for a hearing on the DUI charges.

■ On July 15, 2009, Hoffman received notice from PennDOT notifying him that because he was accepted into the ARD program, his operating privileges were suspended for 60 days pursuant to Section 3807(d) of the Vehicle Code beginning on August 19, 2009. Hoffman appealed the suspension, and a hearing was held before the trial court on January 22, 2010. The trial court sustained Hoffman's appeal, and PennDOT appealed to this Court.[2]

■ PennDOT argues that Hoffman's acceptance into the ARD program triggered his suspension under Section 3807(d) of the Vehicle Code regardless of his involuntary removal from the ARD program seventeen days after his acceptance. Hoffman contends that participation, not merely acceptance, in the ARD program is required in order for the suspension to take effect. We disagree with PennDOT.

At the time of his February 2009 arrest, Hoffman's blood alcohol level was reportedly .201. Reproduced Record (R.R.) at 34a. Section 3807(d)(3)(i) of the Vehicle Code provides: "As a condition of *participation* in an [ARD] program, the court shall order the defendant's license suspended ... [f]or 60 days if ... the defendant's blood alcohol concentration at the time of testing was 0.16% or higher...." 75 Pa.C.S. § 3807(d) (emphasis added).

While there is no case law directly on point, this Court has decided similar issues which provide guidance. In *Lihota v. Department of Transportation, Bureau of Driver Licensing*, 811 A.2d 1117 (Pa. Cmwlth.2002), a licensee's operating privileges were suspended pursuant to Section

1. As previously explained by this Court:

The Accelerated Rehabilitative Disposition program is a special pre-trial intervention program for non-violent offenders who have a limited or no prior record. The A.R.D. program takes a "rehabilitative" stance instead of a punitive one. The purpose of A.R.D. is to determine, at an early stage, defendants who will respond to the treatment and education and, therefore, decrease their chance of future incidents of the same nature. A.R.D. is completely voluntary and the defendant must ask to be accepted into the program. Pa. R.Crim. P. 313(A).
*Lihota v. Dep't of Transp., Bureau of Driver Licensing*, 811 A.2d 1117, 1118 n. 2 (Pa. Cmwlth.2002).

2. This Court's scope of review of a license suspension case is limited to determining whether the trial court's findings of facts are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Orloff v. Dept. of Transp., Bureau of Driver Licensing*, 912 A.2d 918 (Pa.Cmwlth.2006).

1542 of the Vehicle Code, 75 Pa.C.S. § 1542 (relating to revocation of habitual offender's license). After being accepted into the ARD program, and participating for a short time therein, the licensee violated the terms of the program and was involuntarily removed. He was then put on trial for the underlying DUI charge, but was found not guilty for lack of prosecution.

This Court, on appeal, affirmed the trial court holding that: "Section 1542 of the Vehicle Code requires only acceptance, which is voluntary on his part, into A.R.D. and because the acceptance, not completion, of A.R.D. counts as a conviction under the habitual offender statute, even if he is ultimately found not guilty of the underlying charge. . . ." *Id.*, 811 A.2d at 1120. In other words, this Court held that licensee's involuntary removal from the ARD program did not nullify his acceptance into the program, therefore the suspension was proper.

*Lihota* is distinguishable from the present case because the statute at issue, Section 1542 of the Vehicle Code, specifically states that acceptance into, not participation in, an ARD program constituted an offense that could be considered when determining whether a person is a habitual offender. Moreover, in *Lihota*, the licensee participated in the ARD program for a certain amount of time, but was removed for violating the terms of the ARD program. We, nonetheless, find *Lihota* to be instructive in the case *sub judice*.

In the present case, Hoffman was accepted into an ARD program. On that same day, when he was sent to the probation office for processing, probation officials detected alcohol on his breath. R.R. at 15a. He was brought back before the trial court that day, and an order was issued stating: "the Defendant having appeared for DUI Court under the influence of alcohol, he is hereby scheduled for an ARD Rehearing on July 9, 2009, at 9:00 a.m. Pending said hearing, the Defendant shall remain supervised by probation through the ARD program." R.R. at 43a. Hoffman was removed from the ARD program on July 9, 2009, and on July 15, 2009 received a suspension notice from PennDOT. R.R. at 5a.

Section 3807(d)(3)(i) of the Vehicle Code provides for the suspension of operating privileges as a condition of participation, rather than mere acceptance in an ARD program. Since the trial court revoked Hoffman's ARD, and since Hoffman did not actually participate in the ARD program, the trial court did not err in sustaining his appeal of the suspension of his operating privileges pursuant to Section 3807(d) of the Vehicle Code.

For these reasons, the trial court is affirmed.

### ORDER

AND NOW, this 4th day of November, 2010, the January 22, 2010 order of the Court of Common Pleas of Butler County is affirmed.