# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dalton Michael Shaffer,  :
                           Appellant  :
                                    :
                  v.  :    No. 1376 C.D. 2017
                                    :    Submitted: March 29, 2018
Commonwealth of Pennsylvania,  :
Department of Transportation,  :
Bureau of Driver Licensing  :


**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                     **HONORABLE PATRICIA A. McCULLOUGH,** Judge
                     **HONORABLE JAMES GARDNER COLINS,** Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: August 16, 2018**


Dalton Michael Shaffer (Licensee) appeals from the Order of the Court of Common Pleas of Somerset County (common pleas) that denied Licensee's appeal from the one-year suspension of his operating privilege imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) pursuant to Section 3804(e)(2)(i) of the Vehicle Code, 75 Pa. C.S. § 3804(e)(2)(i).[1] Common pleas held that the Department established that

---

[1] Relevant here, Section 3804(e)(2)(i) and (iii) of the Vehicle Code requires the Department, upon its receipt of a certified conviction report, to suspend the operating privilege of an individual for "12 months for an ungraded misdemeanor . . . under this chapter" unless the conviction was "for an ungraded misdemeanor under [S]ection 3802(a) where the person is subject to the penalties provided for in subsection (a) and the person has no prior offense." 75 Pa. C.S.

Licensee had a prior offense for driving under the influence (DUI) as defined by Section 3806 of the Vehicle Code,[2] 75 Pa. C.S. § 3806, because he accepted

---

§ 3804(e)(2)(i), (iii).  The penalties under Section 3804(a) do not call for the suspension of the licensee's operating privilege.  75 Pa. C.S. § 3804(a).

[2] At the time of Licensee's arrest and conviction for DUI in 2015, Section 3806 provided, in relevant part:

> **(a) General rule**.--Except as set forth in subsection (b), **the term "prior offense" as used in this chapter shall mean** a conviction, adjudication of delinquency, juvenile consent decree, **acceptance of Accelerated Rehabilitative Disposition [(ARD)]** or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
>> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);
>> ***
>
> **(b) Repeat offenses within ten years.**--**The calculation of prior offenses for purposes of sections** 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and **3804** (relating to penalties) **shall include any** conviction, whether or not judgment of sentence has been imposed for the violation, adjudication of delinquency, juvenile consent decree, **acceptance of [ARD]** or other form of preliminary disposition **within the ten years before the sentencing on the present violation** for any of the following:
>
>> (1) an offense under section 3802;
>> ***

*Formerly* 75 Pa. C.S. § 3806 (emphasis added).  Section 3806 has since been amended, effective May 25, 2016, and now provides:

> **(a) General rule.**--Except as set forth in subsection (b), **the term "prior offense" as used in this chapter shall mean any** conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, **acceptance of [ARD]** or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
>> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);
>> ***
>
> **(b) Timing.—**

Accelerated Rehabilitative Disposition (ARD)[3] for a prior DUI offense, and, therefore, the one-year suspension was properly imposed. On appeal, Licensee argues the Department is precluded by collateral estoppel from asserting his current conviction is a second offense because that conviction was treated as a first offense in the criminal proceedings. He also argues his acceptance of ARD cannot be considered a prior offense because although he accepted ARD and was involuntarily removed therefrom, his acceptance was invalid due to his being misinformed of the civil consequences thereof and the prior DUI charge was *nolle prossed*.

---

(1) **For purposes of sections** 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), **3804** (relating to penalties) and 3805 (relating to ignition interlock), **the prior offense must have occurred**:

> (i) **within 10 years prior to the date of the offense for which the defendant is being sentenced**; or
> (ii) on or after the date of the offense for which the defendant is being sentenced.

(2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.

(3) If the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior offenses within the meaning of this subsection.

75 Pa. C.S. § 3806 (emphasis added). Under both the prior and current versions of Section 3806, acceptance of ARD within a 10-year look back period qualifies as a prior offense for the purposes of license suspensions under Section 3804.

[3] ARD "is a special pre-trial intervention program for non-violent offenders who have a limited or no prior record" and "takes a 'rehabilitative' stance instead of a punitive one." *Lihota v. Dep't of Transp., Bureau of Driver Licensing*, 811 A.2d 1117, 1118 n.2 (Pa. Cmwlth. 2002). Its purpose "is to determine, at an early stage, defendants who will respond to . . . treatment and education and, therefore, decrease their chance of future incidents of the same nature." *Id.* The program "is completely voluntary and the defendant must be asked to be accepted into the program. [Pennsylvania Rule of Criminal Procedure 313(A),] Pa.R.Crim.P. 313(A)." *Id.*

The parties stipulated to the facts and evidence in this matter. On February 8, 2014, Licensee was arrested and subsequently charged with DUI in violation of Section 3802(a)(1) of the Vehicle Code (2014 DUI). Licensee was accepted into the ARD program for the 2014 DUI on September 30, 2014. Prior to his completion of ARD, Licensee was again arrested on January 25, 2015, and subsequently charged with DUI in violation of Section 3802(a)(1) (general impairment) and (c) (highest rate of alcohol) (2015 DUI). As a result of the second arrest and charge, the Somerset County District Attorney's Office (DA's Office) filed a petition to terminate Licensee's ARD participation on March 19, 2015, which was granted by common pleas on July 9, 2015. On December 8, 2015, Licensee pled guilty to a lesser charge related to the 2014 DUI (recklessly endangering another person) and the 2014 DUI charge was withdrawn.[4] On the same date, Licensee pled guilty to the general impairment charge for the 2015 DUI,[5] which was classified as "an ungraded misdemeanor and a first offense for sentencing purposes." (Common Pleas Order, Dec. 8, 2015, Reproduced Record (R.R.) at 51a-52a; Hr'g Tr., Dec. 8, 2015, at 7-8, R.R. at 57a-58a.)

The Department notified Licensee, by letter dated February 29, 2016, of its intent to impose a one-year suspension based on his conviction for the 2015 DUI pursuant to Section 3804(e)(2)(i). The reason the suspension was for one year,

---

[4] Common pleas' opinion and the DL-21 form sent to the Department by the clerk of courts indicate Licensee was "acquitted" of the 2014 DUI charge. (Common Pleas, Sept. 1, 2017 Opinion (September 2017 Op.), at 2; DL-21 Form, Reproduced Record (R.R.) at 67a.) However, common pleas' opinion also states, as do the docket and Licensee's brief to this Court, that this charge was withdrawn or *nolle prossed*. (September 2017 Op. at 4 (withdrawn); Criminal Docket No. CP-56-CR-0000353-2014 at 4, 11, R.R. at 16a, 23a (withdrawn); Licensee's Brief (Br.) at 19 (*nolle prossed*).) We will refer to the 2014 DUI charge as being withdrawn.

[5] The other charges were withdrawn. During the hearing at which he pled guilty to the 2015 DUI, Licensee acknowledged that his blood alcohol content level was .2 percent when he was arrested for that offense. (R.R. at 54a, 56a.)

instead of there being no suspension for a first offense under Section 3802(a)(1), was premised on Licensee having a prior offense, based on his acceptance of ARD for the 2014 DUI, as defined by Section 3806. Licensee appealed the suspension. The parties agreed to stipulate to the facts and documentary evidence and to submit the matter to common pleas on briefs.

From the stipulated facts and the parties' briefs, common pleas concluded the issue before it was whether Licensee's acceptance of and participation in ARD until he was involuntarily terminated from the program constituted a prior offense that would support a one-year suspension under the Vehicle Code where the 2014 DUI charge was ultimately withdrawn. Citing *Lihota v. Department of Transportation, Bureau of Driver Licensing*, 811 A.2d 1117 (Pa. Cmwlth. 2002), in which this Court held the acceptance of ARD is an offense under the plain and unambiguous language of the Vehicle Code,[6] common pleas held Licensee's acceptance of ARD for the 2014 DUI was an "offense" for the purposes of a civil license suspension. (Common Pleas Opinion, Sept. 1, 2017 (September 2017 Op.), at 3-4.) With regard to the withdrawal of the 2014 DUI, common pleas concluded "[t]he mere fact that [Licensee's] first DUI charge was withdrawn in the underlying criminal proceeding is irrelevant for the purposes of his civil license suspension." (*Id.* at 4 (citing *Stair v. Dep't of Transp., Bureau of Driver Licensing*, 911 A.2d 1014, 1018 (Pa. Cmwlth. 2006) ("It is well-settled that the Department's suspensions are independent civil proceedings separate and apart from the criminal DUI matters.")).)

---

[6] *Lihota* involved a five-year revocation of a license based on Section 1542 of the Vehicle Code, 75 Pa. C.S. § 1542, which relates to habitual offenders. A habitual offender is one with "[t]hree convictions arising from separate acts" for certain offenses and, similar to the prior and current versions of Section 3806, Section 1542(c) provides that "[a]cceptance of [ARD] for any offense enumerated . . . shall be considered an offense." 75 Pa. C.S. § 1542(c). This Court has applied *Lihota* to cases involving suspensions under other sections of the Vehicle Code based on the licensee's acceptance of ARD.

5

Licensee filed an appeal and was directed by common pleas by order entered **October 16, 2017**, to file a Concise Statement of Errors Complained of on Appeal in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b).  Licensee did so on **November 30, 2017**, asserting his acceptance of ARD was not a prior offense because:  he was later acquitted of the 2014 DUI; his 2015 DUI conviction was classified as a first offense; and his ARD acceptance was not valid because he had not been informed of the civil consequences of that acceptance if he was subsequently removed from ARD, even if he was acquitted of the underlying charge.

Common pleas issued its responsive opinion (1925(a) Opinion), which referred to its prior opinion addressing Licensee's first argument.  It also addressed Licensee's challenge to the validity of his ARD acceptance, stating it is the acceptance of ARD that triggers the civil sanction, not the conviction of the underlying offense.  Common pleas explained, "[t]he ARD criminal colloquy focuses on the 'criminal' consequences of ARD success or failure and does not address all of the possible permutations of civil consequences.  It is not the criminal court that suspends the driver; it is the [Department] . . . ."  (1925(a) Opinion at 1-2.)

On appeal,[7] Licensee first argues that, pursuant to the doctrine of collateral estoppel, the Department is precluded from asserting that the 2015 DUI was not a first offense because, during the criminal proceedings, "the Commonwealth . . . with full knowledge of the [2014 DUI] . . . agreed to such a classification," which was

---

[7] Our review of common pleas' "decision in a license suspension case is limited to determining whether [common pleas'] findings of fact[] are supported by competent evidence and whether [common pleas] committed an error of law or an abuse of discretion in reaching its decision."  *Orloff v. Dep't of Transp., Bureau of Driver Licensing*, 912 A.2d 918, 922 n.7 (Pa. Cmwlth. 2006) (citation omitted).

6

approved by common pleas. (Licensee's Brief (Br.) at 11.) Licensee asserts that: the parties in both this appeal and in the 2015 criminal proceedings are the same, the "Commonwealth"; the nature of his 2015 DUI was at issue in both cases; the 2015 DUI "was a first offense for sentencing purposes and was reported as such by the Court"; and "it remains a first offense for any ancillary purpose by its very nature." (*Id.* at 12.) The Commonwealth, acting through the Department, Licensee argues, cannot relitigate the classification of the 2015 DUI, and there can be no "prior offense to a first offense." (*Id.*) Because a first offense under Section 3802(a)(1) carries no civil license suspension pursuant to Section 3804(e), Licensee asserts his suspension must be overturned.

Licensee next asserts that his ARD acceptance should not be considered a prior offense because, although he was involuntarily removed from the ARD program, his situation is different than that in *Lihota*, which was relied upon by common pleas to deny his appeal. According to Licensee, *Lihota*, while not being overruled, was limited by this Court in *Hoffman v. Department of Transportation, Bureau of Driver Licensing*, 7 A.3d 344 (Pa. Cmwlth. 2010), *Kolva v. Department of Transportation, Bureau of Driver Licensing*, 977 A.2d 1248 (Pa. Cmwlth. 2009), and *Poborski v. Department of Transportation, Bureau of Driver Licensing*, 964 A.2d 66 (Pa. Cmwlth. 2009). Licensee further asserts that his ARD acceptance was not valid because he was misinformed regarding whether a license suspension would arise from that acceptance, particularly where the 2014 DUI charge ultimately was *nolle prossed*. Licensee contends he was informed during the ARD proceedings there would be no civil license suspension due to his ARD acceptance, and, absent the knowledge that this acceptance could be categorized as a prior offense, his waiver of his rights was not knowing, intelligent, or voluntary.

The Department responds that Licensee's collateral estoppel argument lacks merit because it is not the same party or in privity with the entity that entered into the plea agreement with Licensee, which was the DA's Office. *See J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002) (requiring that, for collateral estoppel to apply, four things must be established, including that "the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action," and that this party "had a full and fair opportunity to litigate the issue in the prior action") (citations omitted); *Yi v. Dep't of Transp., Bureau of Driver Licensing*, 646 A.2d 603, 605 (Pa. Cmwlth. 1994) (holding that the Department was not barred by collateral estoppel in a civil license suspension proceeding because it was "not a party to [the] criminal proceeding . . ., nor was [it] in privity with the . . . County District Attorney's Office" and it did not "have a full and fair opportunity to litigate" the issue in question). The Department also argues it was involved in neither the negotiations of the plea agreement in 2015 nor the ARD agreement in 2014, and that there is nothing in either agreement purporting to prevent it from treating his acceptance of ARD for the 2014 DUI as a prior offense as required by Section 3806. Therefore, the Department asserts, it did not have a full and fair opportunity to litigate the issues relevant to Licensee's civil suspension in the prior action.

The Department also argues that Licensee's acceptance of ARD in September 2014 constitutes a prior offense under the version of Section 3806 in effect at the time of his conviction because it occurred within the 10-year look back period set forth in that section. It maintains common pleas properly held, pursuant to *Lihota*, that Licensee's involuntary removal from ARD and the subsequent withdrawal of the 2014 DUI charge were irrelevant, and Licensee's acceptance into ARD was all

8

that was required.  Licensee's attempts to distinguish *Lihota* are unavailing, the Department asserts, because, unlike Licensee here, the licensees in *Kolva* and *Poborski* voluntarily withdrew from their ARD programs with court approval, and the licensee in *Hoffman* was involuntarily removed before he had begun participating in the ARD program.

Finally, the Department argues Licensee was represented by counsel prior to accepting ARD, and Licensee, as well as that counsel, are presumed to know the law, *County of Lehigh v. Lerner*, 475 A.2d 1357, 1359 (Pa. Cmwlth. 1984), which includes the civil consequences of his acceptance of ARD.  One such consequence, the Department observes, is that an acceptance of ARD within 10 years of a subsequent DUI offense constitutes a prior offense under Section 3806.  In any event, the Department argues, Licensee cannot collaterally attack his civil license suspension based on what he was or was not told during the criminal proceedings. *See, e.g.*, *Commonwealth v. Duffey*, 639 A.2d 1174, 1176 (Pa. 1994) (holding a license suspension "is a civil collateral consequence of a [criminal] conviction" and "there is no requirement that [an individual] know of this consequence at the time of his guilty plea.  [The] loss of driving privileges is irrelevant to the determination of whether a guilty plea was entered voluntarily and knowingly") (quotation omitted); *Hillwig v. Dep't of Transp.*, 524 A.2d 1058, 1059-60 (Pa. Cmwlth. 1987) (rejecting a licensee's argument that an "acceptance of ARD is not valid and cannot be counted . . . because he was not apprised of the underlying civil consequences of [his] criminal proceeding" because "due process does not require that an appellant be warned in a criminal proceeding of the civil implications of accepting ARD") (citation omitted).

We begin with an issue not raised by the parties or by common pleas in its 1925(a) Opinion, but which is dispositive of this appeal. Following Licensee's appeal, common pleas directed Licensee to file a Statement pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Rule 1925(b) provides, in relevant part, the following:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa.R.A.P. 1925(b). Rule 1925(b)(2) provides that

> [t]he judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed.

Pa.R.A.P. 1925(b)(2).

Common pleas' order directing Licensee to file and serve upon the court his Statement within 21 days was entered on October 16, 2017. Accordingly, to be timely, Licensee's Statement had to be filed and served on the court by November **6**, 2017. As reflected by the docket in this matter and the date on the Statement, Licensee's Statement was not filed until November **30**, 2017, **45** days after entry of the October 16, 2017 order and **24** days after the expiration of the 21-day period set forth in that order. There is nothing in the docket or original record reflecting that Licensee requested additional time to file his Statement as permitted by Rule 1925(b)(2), or that common pleas gave Licensee such time. Although Licensee's

10

Statement was not timely filed, common pleas did not discuss this in its 1925(a) Opinion, choosing instead to address the merits of Licensee's arguments.

However, our "Supreme Court has strictly applied its requirement that appellants timely comply with a trial court's order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925." *Paluch v. Beard*, 182 A.3d 502, 506 (Pa. Cmwlth. 2018) (citations omitted). Accordingly, an untimely filed 1925(b) statement waives all issues for appellate review, and that waiver is not cured by common pleas issuing an opinion addressing the merits of the issues raised. *Id.*; *Jenkins v. Fayette Cty. Tax Claim Bureau*, 176 A.3d 1038, 1042 (Pa. Cmwlth. 2018). The Supreme Court has emphasized that "the intermediate appellate courts do not have the discretion to countenance deviations from the Rule's requirements," nor are those requirements "subject to *ad hoc* exceptions or selective enforcement." *Commonwealth v. Hill*, 16 A.3d 484, 492, 494 (Pa. 2011). Because "Rule 1925 waiver is automatic," *Commonwealth v. Butler*, 812 A.2d 631, 634 (Pa. 2002), Rule 1925(b) "violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it," *FP Willow Ridge Associates, L.P. v. Allen Township*, 166 A.3d 487, 495 (Pa. Cmwlth. 2017) (quoting *Hill*, 16 A.3d at 494), *petition for allowance of appeal denied*, 178 A.3d 106 (Pa. 2018).

Applying these principles strictly, as our Supreme Court has directed, Licensee has waived all of his issues on appeal because his Statement was untimely. Common pleas' October 16, 2017 order directed Licensee to file his Statement within 21 days, which would have been November 6, 2017. Because Licensee did not file his Statement until November 30, 2017, which was 24 days after the

expiration of that 21-day period, we are constrained to hold that the Statement was untimely and Licensee has waived all of his issues on appeal.

Even if Licensee's issues had not been waived, he would not have prevailed in this appeal. Licensee first argues that the Department should be precluded from imposing the suspension based on collateral estoppel. However, as this Court has previously found, the Department was not a party involved in the criminal proceedings against Licensee or in privity with the party that entered into the plea agreement, the DA's Office. *Yi*, 646 A.2d at 605. Having not participated in the negotiation of the plea agreement, the Department did not "have a full and fair opportunity to litigate" the issues associated with Licensee's civil license suspension. *Id.* Because Licensee cannot establish these two things, collateral estoppel is inapplicable and does not preclude the Department from imposing the one-year suspension. *See Gow v. Dep't of Educ.*, 763 A.2d 528, 533 (Pa. Cmwlth. 2000) (stating that, for collateral estoppel to apply, "[a]ll four elements must be satisfied"). Moreover, with regard to the effect plea agreements have on civil license suspensions, this Court has explained that:

> [R]egardless of whether a plea agreement existed in the underlying criminal proceedings, it has **no effect** on the Department's duty under the relevant provisions of the Vehicle Code to impose the instant license suspension . . . .
>
> In other words . . . neither the district attorney in plea bargaining, nor the court of common pleas when deciding a criminal matter, has jurisdiction to bind [the Department] to withdraw a civil license suspension. **The statutory suspensions following . . . a conviction for [DUI] are not bargaining chips to be traded in exchange for criminal convictions; rather, they are mandatory civil penalties, imposed not for penal purposes, but to protect the public by providing an effective means of denying an intoxicated motorist the privilege of using our roads**.

12

*Stair*, 911 A.2d at 1018 (second alteration in the original) (emphasis added) (quotations and citation omitted). That the DA's Office and common pleas chose to treat the 2015 DUI as a first offense does not require the Department to do the same.

Licensee's attempts to distinguish *Lihota* and rely on *Hoffman*, *Kolva*, and *Poborski* are unavailing. Like the licensee in *Lihota*, Licensee accepted ARD for a prior DUI, he was involuntarily removed from ARD because of a subsequent violation, and, similar to that licensee, who was found not guilty, the DUI charge underlying Licensee's ARD was withdrawn. As we stated in *Lihota*, "the plain and unambiguous language [establishes] that acceptance of [ARD] is considered an offense" and "[n]owhere in the statute is it stated that satisfactory completion of [ARD] is necessary for it to be considered an offense." *Lihota*, 811 A.2d at 1119. Thus, Licensee's acceptance of ARD was all that was required for it to constitute a prior offense under the plain and unambiguous language of the Vehicle Code. In *Hoffman*, the Department suspended the licensee's operating privilege pursuant to Section 3807(d) of the Vehicle Code, 75 Pa. C.S. § 3807(d), which provided for the suspension of a licensee's operating privileges "[a]s a condition of **participation**" in ARD. 7 A.3d at 345 (citing 75 Pa. C.S. § 3807(d)(3)(i)) (emphasis in the original). However, the trial court reinstated the licensee's operating privilege, and we affirmed, because the licensee was involuntarily removed from ARD for appearing at the probation office with alcohol on his breath prior to his participating in that program. Section 3806(a), in contrast to Section 3807(d), requires only acceptance of, not participation in, ARD.[8] *Kolva* and *Poborski* involved licensees who

---

[8] Like the prior version of Section 3806(a), the current version of Section 3806(a) treats the acceptance of ARD as a prior offense for the purposes of a license suspension under Section

13

voluntarily withdrew their acceptance of ARD with court approval, which had the effect of nullifying that acceptance. Licensee was involuntarily removed from ARD based on the 2015 DUI.

Licensee's contention that his ARD acceptance was not knowing, and, therefore, invalid, due to his being misinformed of the civil consequences associated therewith is without merit for several reasons. The civil consequences of the acceptance of ARD, which include it being a prior offense for the purposes of a future license suspension, are set forth in the Vehicle Code, and a person is presumed to know the law. *Lerner*, 475 A.2d at 1359. Moreover, our Supreme Court has explained that a license suspension "is a civil collateral consequence of a [criminal] conviction" and "there is no requirement that [an individual] know of this consequence at the time of his guilty plea. [The] loss of driving privileges is irrelevant to the determination of whether a guilty plea was entered voluntarily and knowingly." *Duffey*, 639 A.2d at 1176 (quotation omitted). Similarly, this Court has rejected the argument that an ARD acceptance is invalid and cannot be considered in a civil license suspension due to a licensee's not being "apprised of the underlying civil consequences of [his] criminal proceeding." *Hillwig*, 524 A.2d at 1059-60. Indeed, "[t]o inquire whether [ARD] acceptance was proper would be to allow [a licensee] to collaterally attack his criminal conviction in this civil proceeding[,]" which is prohibited. *Id.* at 1060. We apply these holdings here.

---

3804, without any reference to participation in ARD, as a prior offense. 75 Pa. C.S. § 3806(a). Similarly, both versions of Section 3806(b) permit the prior offense, which includes acceptance of ARD, to be considered for the purposes of Section 3804 if it occurred, as here, within the 10 years before the date of the current offense. *Former* 75 Pa. C.S. § 3806(b); 75 Pa. C.S. § 3806(b)(1)(i). The current version also allows the acceptance of ARD to be utilized as a prior offense if it occurred "on or after the date of the offense for which the defendant is being sentenced." 75 Pa. C.S. § 3806(b)(1)(ii). Thus, Licensee's acceptance of ARD, which occurred less than 10 years before the date of 2015 DUI, is a prior offense under either version of Section 3806.

14

Licensee is presumed to know the law, and the fact that he may not have been advised during the ARD proceedings that his acceptance would be a prior offense under the Vehicle Code, has no bearing on the validity of that acceptance or on the Department's authority to use it as a prior offense in collateral civil proceedings.

Accordingly, we affirm common pleas' Order.


_____
**RENÉE COHN JUBELIRER**, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dalton Michael Shaffer,          :
              Appellant     :
                       :
         v.            :    No. 1376 C.D. 2017
                       :
Commonwealth of Pennsylvania,    :
Department of Transportation,      :
Bureau of Driver Licensing        :

# O R D E R

     **NOW**, August 16, 2018, the Order of the Court of Common Pleas of Somerset County, entered in the above-captioned matter, is **AFFIRMED**.


                   _____

                   **RENÉE COHN JUBELIER,** Judge